**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| SOLBELLO, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-00267-JRH-BKE |
| SHORESHADE, LLC, | ) | |
| Defendant. | ) | |

**SHORESHADE LLC'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant ShoreShade LLC ("ShoreShade") submits this Motion to Dismiss the Complaint filed by Solbello, Inc. ("Solbello"). The Complaint purports to assert claims for direct infringement, contributory infringement, inducement, and willful infringement of U.S. Pat. No. RE50606 (the "Reissue Patent"). None of these claims, however, are plausibly pleaded according to the applicable pleading standards. Dismissal of the Complaint in its entirety is therefore appropriate.[1]

## I. BACKGROUND

Solbello initially obtained U.S. Pat. No. 11,596,211 (the "Original Patent"). Compl. (Dkt. No. 1) at ¶ 15. On September 12, 2023, after apparently concluding that the Original Patent was defective,

[1] As noted in ShoreShade's response to Solbello's motion for a preliminary injunction, there is no infringement due to absolute intervening rights under 35 U.S.C. § 252, which allow the continued sale of products in inventory when a reissue patent grants. ShoreShade reserves the right to present further argument on why dismissal of Solbello's infringement claims is appropriate under Federal Rule of Civil Procedure 12(c) once the pleadings have been closed.

Solbello filed a reissue patent application seeking to broaden the scope of the claims in the Original Patent. *Id.* ¶ 20. This reissue patent application was ultimately granted, resulting in the Reissue Patent. *Id.* ¶ 22. The Reissue Patent issued on September 30, 2025. *Id.*. Upon the issuance of the Reissue Patent, the surrender of the Original Patent took effect, making the Original Patent no longer assertable. 35 U.S.C. § 252. Solbello filed the Complaint against ShoreShade on November 7, 2025, alleging infringement of Claim 44 of the Reissue Patent. Compl. at ¶ 52.

## II. LEGAL STANDARD

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[P]laintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Iqbal*, 556 U.S. at 678. Allegations that are "merely consistent with" a defendant's liability are likewise insufficient because they fall "short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

A complaint must be dismissed if the plaintiffs cannot "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Thus, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555, and the governing standard requires "more than a sheer possibility that a defendant has acted unlawfully," *Iqbal*, 556 U.S. at 678.

"Even if included within the same paragraph of a complaint, claims for indirect infringement are generally deemed to be separate from claims of direct infringement or willful infringement" and "[e]ach must be adequately pled."[2] 6 Annotated Patent Digest (Matthews) § 39:7; *see, e.g.*, *Redd Group, LLC v. Glass Guru Franchise Sys., Inc.*, 2013 WL 3462078, at *4-5 & n.1 (N.D. Cal. July 8, 2013) ("Plaintiffs shall separate their claims for direct infringement, inducement, and contributory infringement into separate causes of action. These are separate claims with separate elements."); *Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422, 450 (E.D.N.Y. 2012) (granting motion to dismiss with respect to indirect infringement (inducement and contributory infringement) and willful infringement where plaintiff failed to include sufficient allegations on those claims, rejecting argument that sufficiency of pleadings on direct infringement claims was sufficient to meet the pleading standard for these other claims).

In determining whether applicable pleading standards have been met for patent infringement, Federal Circuit law is controlling. *AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 35 (Fed. Cir. 2024).

## III. ARGUMENT

### *A. The Complaint has No Specific Factual Allegations of Direct Infringement Occurring After Reissue Patent was Issued.*

Solbello only includes veague, general allegations of patent infringement in its Complaint, but it never pleads that a single act of patent infringement occurred ***during the term of the patent***. Direct infringement is only present where an infringer "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor. . . ." 35 U.S.C. § 271(a); *see also Welker Bearing Co.*

[2] Claims for indirect infringement include the contributory infringement and inducement claims described herein.

*v. PHD, Inc.*, 550 F.3d 1090, 1095 (Fed. Cir. 2008) (stating that there is no direct infringement until an infringing act occurs in the U.S. during the term of the patent). Any sales arising before the issue date of the Reissue Patent fall outside the term of the Reissue Patent, preventing these sales from constituting direct infringement.

Solbello contends:

- "Defendant makes, uses, offers to sell, sells, imports, promotes, supplies, distributes, and/or designs its ShoreShade and/or imports components constituting a material part of the ShoreShade that infringe the '606 Patent." Compl. at ¶ 47.
- "The Infringing Product is made, used, offered for sale, sold and/or imported by Defendant infringe the '606 Patent." *Id.* ¶ 109.
- "Upon information and belief, Defendant makes, uses, offers to sell, sells, imports, promotes, supplies, distributes, and/or designs the Infringing Product and/or imports components constituting a material part of the Infringing Product." *Id.* ¶ 49.

In making these conclusory allegations, Solbello merely parrots the language within 35 U.S.C. § 271(a), which provides that, "[e]xcept as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." These conclusory allegations fail to provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Solbello also includes images of ShoreShade's products in attempt to show direct infringement. However, Solbello provides no indication about when these products were purchased or when the images were taken. The allegations are thus insufficient to establish a claim for direct patent infringement.

In *Karl Storz Gmbh & Co. KG v. Integrated Med. Sys. Int'l, Inc.*, the court dismissed direct infringement claims for similar reasons. No. 2:10-cv-03547, 2011 WL 13134015 (N.D. Ala. June 30, 2011). The defendant argued that the complaint failed to satisfy the minimum pleading standards "because it lacks the requisite *factual content* to support plaintiff's *legal conclusion* that defendant infringed *the patent*." *Id*. at 3 (emphasis in original). The only factual allegation supporting the infringement claim was the plaintiff's contention that defendant committed an infringing act ***before*** the issuance of the patent. *Id*. The plaintiff argued that the court could reasonably infer infringement from the defendant's alleged conduct before the issuance of the patent and its capability of infringing the patent. *Id*. However, the court expressly rejected plaintiff's argument on this point, stating that "[t]he allegations here permit the court to infer only the mere possibility of infringement, rather than 'a reasonable expectation that discovery will reveal evidence' of infringement." *Id*. (quoting *Twombly*, 550 U.S. at 556).

Other cases have reached a similar result. In *De La Vega v. Microsoft Corp.*, the court noted that the conduct asserted as evidencing the alleged infringement was not competent evidence of infringement because it predated the issuance of the patent. No. 6-19-cv-00612, 2020 WL 3528411, at *5 (W.D. Tex. Feb. 11, 2020). The complaint in *De La Vega* did not contain sufficient factual matter, accepted as true, to state a claim to relief that was plausible on its face. *Id*. (citing *Iqbal*, 556 U.S. at 678). Similarly, in *Resh, Inc. v. Skimlite Mfg. Inc.*, the court stated that the patentee "must allege facts plausibly showing that [defendant] personally made, used, offered to sell, or sold an infringing product 'during the term of the patent.'" 666 F. Supp. 3d 1054, 1061 (N.D. Cal. 2023). Because the patentee only alleged facts to show the accused infringer's conduct, this was insufficient to support a plausible claim that the accused infringer committed any act of infringement after the patent granted. *Id*.

Here, Solbello does not include a single specific factual allegation that infringement occurred after the issue date of the Reissue Patent. Because of this, it fails to sufficiently plead a plausible claim for direct infringement. Because Solbello cannot nudge its claims "across the line from conceivable to plausible," the direct infringement claim should be dismissed. *Twombly*, 550 U.S. at 570.

### *B. No Contributory Infringement*

The Complaint does not include a separate count for liability under a contributory infringement theory, but mentions the concept of contributory infringement only in passing at Paragraph 110. That paragraph states "[t]he unauthorized manufacture, use, offer for sale, sale, importation, and/or distribution by Defendant of the Infringing Products constitute patent infringement, either direct patent infringement and/or contributory infringement."

The Complaint lacks plausible allegations to sufficiently plead the required elements of a contributory infringement claim. 35 U.S.C. § 271(c) is the statute governing contributory patent infringement claims, and it provides:

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, ***constituting a material part of the invention***, ***knowing*** the same to be especially made or especially adapted ***for use in an infringement of such patent***, and ***not a staple article or commodity of commerce suitable for substantial noninfringing use***, shall be liable as a contributory infringer.

(emphasis added). Thus, to state a claim for contributory infringement, a complaint must adequately (1) identify the component accused of infringement; (2) allege that the accused product is not a staple article or commodity of commerce suitable for a substantial non-infringing use; (3)

allege an underlying act of direct infringement by another; and (4) allege that the defendant had "knowledge of the patent in suit" and that the defendant had "knowledge of patent infringement." *AlexSam*, 119 F.4th at 47; *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) ("There can be no inducement or contributory infringement without an underlying act of direct infringement."); *P2i Ltd. v. Favored Tech USA Corp.*, No. 3:23-cv-01690, 2024 WL 4294652, at *8 (N.D. Cal. Sept. 24, 2024) (dismissing contributory infringement claim where component was not identified). The Complaint fails to allege sufficiently any of these elements.

*i.* *Solbello Failed to Sufficiently Identify the "Material or Apparatus" Allegedly Supplied by ShoreShade.*

Contributory infringement can only occur when a defendant supplies "material or apparatus" meeting the other requirements defined in the statute and discussed above. 35 U.S.C. § 271(c). However, the Complaint is unclear in explaining what is being accused of contributory patent infringement. For example, it is unclear if Solbello is accusing the accused product as a whole for contributory infringement of if Solbello is accusing a particular component within the accused product of contributory infringement. The Complaint defines the term "Infringing Product," but this definition is ambiguous—the Complaint states, at Paragraph 47, that "Defendant makes, uses, offers to sell, sells, imports, promotes, supplies, distributes, and/or designs its ShoreShade and/or imports components constituting a material part of the ShoreShade that infringe the '606 Patent (the 'Infringing Product')." This definition makes it unclear if the Infringing Product includes the ShoreShade product, the components in the product, or both.

If Solbello is accusing the accused product as a whole for contributory infringement, this contradicts its direct infringement claims against the same accused products—contributory

infringement claims are directed to a ***component*** that is used in a larger assembly that directly infringes. 35 U.S.C. § 271(c).

Even assuming that Solbello intends to accuse components within the ShoreShade device of contributory infringement, it must identify the particular component that forms the basis of its contributory infringement claim. To evaluate whether other requirements for contributory infringement claims are met, this component needs to be identified first. By failing to identify the component that allegedly infringes, it unclear how Solbello contends that the other requirements for contributory patent infringement are allegedly met. *P2i*, 2024 WL 4294652, at *8 (granting motion to dismiss on contributory infringement claim where the patentee "never actually identifie[d] the accused 'component'" and where the allegations were "threadbare, listing only the elements of the cause of action"); *HOYA Corp. v. Alcon Inc.*, No. 3:20-cv-03629, 2021 WL 4476739, at *6 (N.D. Tex. Sept. 30, 2021) ("Without identifying a component, a plaintiff cannot allege contributory infringement."); *Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-cv-999, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018) (dismissing contributory infringement claim where patentee did not identify the component that contributed to the infringement of its patents and made no more than conclusory allegations that the unspecified component(s) have no substantial non-infringing uses).

"[U]nder any pleading standard, a complaint must put a defendant 'on notice as to what he must defend.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 715 (Fed. Cir. 2018) (additional citations omitted). By failing to identify what allegedly infringes, Solbello's contributory infringement claim must fail.

*ii. No Substantial Non-Infringing Uses*

The Complaint fails to plead any factual allegations to show that the products provided by ShoreShade are not suitable for a substantial non-infringing use. The Complaint must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337; *accord Artrip*, 735 F. App'x at 713; *see also Iron Oak*, 2018 WL 1631396, at *2 (dismissing contributory infringement claim where patentee made no more than conclusory allegations that the unspecified component(s) had no substantial non-infringing uses). In the context of a claim of contributory infringement under § 271(c), a substantial non-infringing use is any use that is "not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Id.* (quoting *Vita–Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327–29 (Fed. Cir. 2009)). The Complaint fails to even acknowledge this required element, let alone provide the well-pled facts sufficient to withstand a motion to dismiss.

*iii. <u>No Direct Infringement by Others Alleged After Issue Date</u>*

Liability for contributory infringement is dependent upon the existence of direct infringement by another. *In re Bill of Lading*, 681 F.3d at 1333 ("There can be no inducement or contributory infringement without an underlying act of direct infringement.").

As discussed above, direct infringement is only present where an infringer "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention ***<u>during the term of the patent therefor</u>***. . . ." 35 U.S.C. § 271(a) (emphasis added); *see also Welker Bearing*, 550 F.3d at 1095 (stating that there is no direct infringement until an infringing act occurs in the U.S. during the term of the patent). Any sales arising before the grant of the Reissue Patent fall outside the term of the Reissue Patent, preventing these sales from constituting

direct infringement. Solbello thus fails to allege sufficiently that any other party committed an act of direct infringement.

The failure of the Complaint to sufficiently plead an act of direct infringement by another after the issue date provides another basis for dismissing the contributory infringement claims.

*iv. Knowledge of the Asserted Patent and of the Infringement*

The Complaint lacks any allegations that ShoreShade had knowledge of the Reissue Patent or knowledge of any patent infringement. Solbello states that it sent its initial letter to ShoreShade on or about November 17, 2023. Compl. at ¶ 98. However, Solbello acknowledges that the Reissue Patent (which it refers to as the ’606 Patent) was still in prosecution and had not yet issued. *Id.* ¶ 99. Solbello attached the initial letter to its Complaint as Exhibit O, but this letter is irrelevant because it does not mention the Reissue Patent (which did not exist at the time). Solbello does not allege in the Complaint that it ever notified ShoreShade of the Reissue Patent after it was granted. In reality, it did not.

Other cases have dismissed claims of contributory infringement where knowledge was only alleged in a conclusory fashion. *See, e.g., Artrip*, 735 F. App’x at 713 (affirming dismissal of contributory patent infringement claims where the defendant’s knowledge of the asserted patent was only alleged in a conclusory fashion); *Ziemba v. Incipio Techs., Inc.*, No. 2:13-cv-05590, 2014 WL 7051782, at *5 (D.N.J. Dec. 12, 2014) (“[S]tating that a defendant had knowledge of the patent before a certain date is a conclusory statement. Instead, a properly plead fact would describe the occasion, conversation, or reason that gave rise to each of the Defendants’ alleged knowledge of the patent.”). Here, Solbello provide no allegations regarding ShoreShade’s knowledge of the Reissue Patent.

To the extent Solbello intends to argue that ShoreShade had constructive knowledge of the Reissue Patent as a result of the letter, that argument fails. Solbello's letter that was attached to the Complaint does not mention that Solbello had filed the reissue patent application at the time of the letter, and it does not reference the reissue patent application in any way. Compl. at Ex. O. Simply showing that ShoreShade had knowledge of ***other Solbello patents*** is not sufficient to plausibly plead that ShoreShade had knowledge of the ***Reissue Patent***. *ImagineAR, Inc. v. Niantic, Inc.*, No. 1:24-cv-01252, 2025 WL 2592261, at *9 (D. Del. Sept. 8, 2025) (concluding that, even though a patentee plausibly pled that the accused infringer had knowledge of a first patent, this did not support an inference of knowledge of other related patents and that "it is far too speculative to suggest that Nintendo must have known about them just because they are continuations" of the first patent); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 233 (D. Del. 2012) (even though a patentee successfully pled knowledge of an original patent, this did not automatically establish that knowledge had successfully pled for a reexamined version of that patent, stating that the patentee cited "no authority for imposing a duty on Defendants to indefinitely track a particular patent in anticipation of a potential infringement lawsuit" and that "[s]uch speculation falls short of a plausible argument for equating knowledge of the [original] patent with actual knowledge of the patent-in-suit, the reexamined [] patent").

The mere issuance of the Reissue Patent is not sufficient to charge ShoreShade with knowledge. *See SATA GmbH & Co. KG v. Qingdao Hanspray New Material Tech. Co.*, 696 F. Supp. 3d 954, 961 (D. Nev. 2023) (rejecting the argument that issuance of a patent puts the world on constructive notice in the context of an induced infringement claim, which also requires a showing of knowledge of an asserted patent, stating that, "if the Court adopted this argument, knowledge would be *de facto* established for all induced infringement claims"); *Adidas Am., Inc.*

*v. Skechers USA, Inc.*, No. 3:16-cv-01400, 2017 WL 2543811, at *4 (D. Or. June 12, 2017) (rejecting the argument that Plaintiffs plausibly alleged knowledge in the context of a willful infringement claim where "Plaintiffs merely allege the relevant dates of application and issuance and the conclusion that Defendant had the requisite knowledge"). If that were the law, the knowledge requirement would be met in every case, rendering it superfluous.

To the extent Solbello argues that ShoreShade has knowledge of the patent at least due to the filing of the Complaint, various courts, including courts within this circuit, have held that pre-suit knowledge of the patent-in-suit is required to support a claim for indirect infringement (e.g., contributory infringement or inducement). For example, a court in the Middle District of Florida held that "[t]he weight of authority addressing the knowledge required for indirect infringement, especially following the Supreme Court's decision in [*Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011)], requires a plaintiff to allege that defendant had pre-suit knowledge of the patents-in-suit." *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1267–68 (M.D. Fla. 2012); *Zamora Radio, LLC v. Last.FM, Ltd.*, 758 F. Supp. 2d 1242, 1257 (S.D. Fla. 2010).[3]

Courts in other jurisdictions known to have many patent cases have reached similar results. *See, e.g.*, *P2i*, 2024 WL 4294652, at *8 (the Northern District of California concluding that inducement claims failed where the complaint lacked allegations of pre-suit knowledge); *Aguirre v. Powerchute Sports, LLC*, 2011 WL 2471299, *3 (W.D. Tex. 2011) ("To the extent Aguirre relies on knowledge of Aguirre's patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement."); *Xpoint Techs., Inc. v. Microsoft Corp.*,

[3] In *Global–Tech*, the Supreme Court held "that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global–Tech*, 563 U.S. at 766.

730 F. Supp. 2d 349, 357 (D. Del. 2010) (dismissing claims of indirect infringement because "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement").

### *C. No Inducement*

The Complaint also lacks plausible allegations to sufficiently plead the required elements of an inducement claim. The Complaint does not include a separate count for liability under an inducement theory, but does mention inducement in passing at Paragraph 111. That paragraph states "[t]he unauthorized manufacture, use, offer for sale, sale, importation, and/or distribution by Defendant of the Infringing Products constitute inducement to patent infringement."

"[W]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "To prove induced infringement, the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012). The accused infringer must have "taken active steps to encourage, recommend, or promote infringement." *H. Lundbeck A/S v. Lupin Ltd.*, 87 F.4th 1361, 1370 (Fed. Cir. 2023) (additional citations omitted). Inducement also requires a showing that an underlying act of direct infringement occurred. *In re Bill of Lading*, 681 F.3d at 1333. Solbello's Complaint is deficient in each of these respects.

#### *i. <u>Knowledge of the Asserted Patent and of the Infringement</u>*

Solbello includes no allegations of how ShoreShade had knowledge of the Reissue Patent as stated in Section III(B)(iv). Because that discussion applies to the inducement analysis, it will not be repeated here. *Global–Tech*, 563 U.S. at 766 ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement.").

Given the lack of any allegations regarding ShoreShade's knowledge of the Reissue Patent and the lack of allegations that ShoreShade knew "the induced acts constitute patent infringement," *id.*, Solbello fails to sufficiently allege that ShoreShade knew its actions were causing others to infringe.

*ii. <u>Insufficient Allegations Regarding Actions Taken After Issue Date or Intent</u>*

To show inducement, Solbello must show that ShoreShade took "active steps to encourage, recommend, or promote infringement." *H. Lundbeck*, 87 F.4th at 1370 (additional citations omitted). Solbello must also plead a "specific intent to encourage another's infringement." *Toshiba*, 681 F.3d at 1363.

Solbello states that "Defendant advertises the Infringing Product on its website." Compl. at ¶ 49. However, Solbello fails to specify ***<u>when</u>*** ShoreShade actually advertised on its website. For these "active steps" to be relevant, they would need to occur during the term of Reissue Patent. *GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*, 7 F.4th 1320, 1337 (Fed. Cir. 2021) (citing *Nat'l Presto Indus., Inc. v. W. Bend Co.*, 76 F.3d 1185, 1196 (Fed. Cir. 1996)). "[A]s a matter of law, affirmative acts taken before a patent issues cannot violate § 271(b)." *Id.* (citing *Nat'l Presto*, 76 F.3d at 1196).

Solbello includes no allegations of how ShoreShade possessed specific intent to encourage another's infringement. *Toshiba*, 681 F.3d at 1363. Solbello does not specifically allege that the advertising occurred after the issue date or how that advertising encouraged the viewer of the advertising to infringe. Solbello also does not provide any allegations that ShoreShade had knowledge of the Reissue Patent before the Complaint was filed. Additionally, Solbello includes no other allegations to establish specific intent.

*iii. No Direct Infringement by Others Alleged After Issue Date*

As discussed in Section III(B)(iii), the Complaint fails to sufficiently plead an act of direct infringement by another after the issue date of the Reissue Patent. Liability for inducement similarly depends on the existence of direct infringement by another. *In re Bill of Lading*, 681 F.3d at 1333 ("There can be no inducement or contributory infringement without an underlying act of direct infringement.").

Without sufficient allegations to show that another committed direct infringement, Solbello's inducement claim must fail.

### ***D. No Willful Infringement***

Solbello mentions the concept of willful infringement only in passing. Solbello states "[t]he unauthorized and wrongful manufacture, use, offer for sale, sale, importation, and/or distribution of the Infringing Product by Defendant, with knowledge of and reckless disregard of Solbello's patent rights in the '606 Patent, constitute, upon information and belief, willful infringement." Compl. at ¶ 112. Solbello states, "[b]ecause Defendant's infringement of the '606 Patent has been, upon information and belief, conscious, deliberate, and willful, Solbello is entitled to both a preliminary and permanent injunction against continued infringement." *Id.* ¶ 117. Solbello also states, "[b]ecause Defendant's infringement of the '606 Patent has been, upon information and belief, willful, Solbello is entitled to recover from ShoreShade a sum equal to three times the amount of actual damages proven at trial." *Id.* ¶ 121.

For a finding of willful infringement, the Supreme Court has held that a plaintiff must at least show (1) the alleged infringer had knowledge of the asserted patents, and (2) the alleged infringer's conduct was the "sort of conduct warranting enhanced damages," such as conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, [or] flagrant." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103–04 (2016); *see also WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed.

Cir. 2016) (stating that knowledge of the patent alleged to be willfully infringed remains a prerequisite for enhanced damages). "Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness." *Bayer HealthCare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021). "Rather, willfulness requires deliberate or intentional infringement." *Id*.

As noted above, Solbello has failed to plead sufficient facts to show that ShoreShade knew of the Reissue Patent before filing this lawsuit. By itself, this failure warrants dismissal of the willful infringement claim. *Id.*; *see also P2i*, 2024 WL 4294652, at *9 (dismissing willful infringement claims where the complaint failed to allege pre-suit knowledge).

In *Ravgen, Inc. v. Quest Diagnostics Inc.*, the court dismissed a claim for willful infringement in an original complaint that were solely based on post-suit knowledge of the asserted patent after acknowledging a split on the issue. *Ravgen, Inc. v. Quest Diagnostics Inc.*, No. 2:21-cv-09011, 2022 WL 2047613, at *3 (C.D. Cal. Jan. 18, 2022). The court reasoned that "a plaintiff cannot yet have a good faith basis for alleging willful . . . infringement based on post-suit conduct that has not yet occurred." *Id*. (quoting *Bush Seismic Techs. LLC v. Am. Gem Soc*., 2016 WL 9115381, at *3 (E.D. Tex. Apr. 13, 2016)).

Courts are split on whether post-filing conduct can support a claim for willful infringement. *Heavy Duty Lighting, LLC v. Acuity Brands Lighting, Inc*., No. 1:20-cv-3648, 2021 WL 12300205, at *2 (N.D. Ga. July 19, 2021). However, the Northern District of Georgia acknowledged this split and determined that claims for willful infringement should be limited to pre-filing conduct before the filing of the action. *Id*. The court stated that "[a]llowing a plaintiff to plead willfulness as of the filing of the complaint would lead to enhanced damages in every patent infringement case." *Id*. The court also stated that "to the extent Plaintiff is advocating for an approach that allows a party to manufacture pre-filing conduct with the filing of an amended complaint, the Court rejects such an approach." *Id*.

Solbello has failed to allege sufficiently that any acts of infringement even occurred after the issue date of the Reissue Patent. *See supra* Section III(A). Given the absence of sufficient allegations of direct infringement, the willful infringement claims must fail as well. Willful infringement also requires factual assertions that the defendant has engaged in conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, [or] flagrant." *Halo*, 579 U.S. at 103–04. Because Solbello has failed to even plead sufficient facts to show that ShoreShade had pre-suit knowledge of the Reissue Patent as noted above, Solbello has not plausibly alleged wrongful conduct rising to the levels specified in *Halo*.

## IV. CONCLUSION

Given these deficiencies, the Complaint should be dismissed, including the claims for direct infringement, contributory infringement, inducement, and willful infringement therein.

NELSON MULLINS RILEY & SCARBOROUGH LLP

*/s/ Lucas A. Westby*
**Lucas A. Westby**
GA Bar No. 594008
lucas.westby@nelsonmullins.com
**Megan Walker Burton**
GA Bar No. 525103
megan.burton@nelsonmullins.com
**Nelson Mullins Riley & Scarborough, LLP**
201 17th Street NW
Suite 1700
Atlanta, GA 30363

**Craig N. Killen***
SC Bar No. 65464
craig.killen@nelsonmullins.com
**Jonathan D. Todd***
SC Bar No. 103758
jonathan.todd@nelsonmullins.com
**Nelson Mullins Riley & Scarborough, LLP**
301 South College Street, Suite 2300
Charlotte, NC 28202

*Counsel for Defendant ShoreShade LLC*

** Pro Hac Vice Application Not Yet Accepted*

## CERTIFICATE OF SERVICE

I hereby certify that I have completed service of the foregoing document by filing this document with the Court's electronic-filing system.

This the 19th day of November 2025.

*/s/ Lucas A. Westby*
**Lucas A. Westby**