**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| SOLBELLO, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-00267-JRH-BKE |
| SHORESHADE, LLC, | ) | |
| Defendant. | ) | |

**SHORESHADE'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Solbello's Response contends that Solbello has adequately pled a claim for direct infringement under an offer to sell theory. However, this Response was entered before the Court's Order Denying Solbello's Motion for a Preliminary Injunction, which discussed the case law related to offers to sell at length. The Complaint fails to adequately plead the elements of an offer to sell under applicable law and the reasoning in the Court's Order. Additionally, even under Solbello's offer to sell theory, Solbello's Complaint never alleges that the *website* conveyed the price at which the accused product could be purchased together with a description of the product.

To support its threadbare claims for willful infringement, inducement, or contributory infringement, Solbello attempts to show pre-suit knowledge of claim 44 of the Reissue Patent indirectly <u>based on other claims</u> that are allegedly shared between the Original Patent and the Reissue Patent. But, claim 44 of the Reissue Patent is the only claim that has been meaningfully asserted in this case. The Complaint never alleges that a claim substantially identical to claim 44 was present in Original Patent,

and Solbello fails to establish that ShoreShade otherwise had pre-suit knowledge of any alleged infringement of this claim.

Regardless, Solbello cites no authority to support the position that an accused infringer has knowledge of a reissue patent based only on alleged notice provided of an original patent, particularly where, as here, the relevant claim(s) of the reissue patent are substantially different from claim in the original patent. One court has concluded that a defendant's knowledge of an original patent is not enough to infer requisite knowledge of a subsequent reissue patent for the purposes of inducement and contributory infringement. *Zimmer Surgical, Inc. v. Stryker Corp*., No. 1:16-cv-00679-RGA-MPT, 2017 WL 1296026, at *6 (D. Del. Apr. 6, 2017), *report and recommendation adopted in relevant part*, 2017 WL 3736750 (D. Del. Aug. 30, 2017).

Solbello seems to rely on certain language in 35 U.S.C. § 252 in attempt to argue that ShoreShade has knowledge of the Reissue Patent as a whole because the patent should be given the effect of a continuation. The statute states "the reissued patent, to the extent that its claims are substantially identical with the original patent, shall constitute a continuation thereof and have effect continuously from the date of the original patent." 35 U.S.C. § 252. However, the Federal Circuit has applied this language within the statute on a claim-by-claim basis. *See Seattle Box Co. v. Indus. Crating & Packing, Inc*., 731 F.2d 818, 827 (Fed. Cir. 1984) ("The statute permits, however, the claims of the reissue patent to reach back to the date the original patent issued, but only if those claims are identical with claims in the original patent. *With respect to new or amended claims*, an infringer's liability commences only from the date the reissue patent is issued.") (emphasis added). This suggests that the continuation effect does not extend to claims like Claim 44 that are not substantially similar to any claims within an original patent, which is fatal to Solbello's arguments regarding pre-suit knowledge.

NELSON MULLINS RILEY & SCARBOROUGH LLP

*/s/ Lucas A. Westby*

**Lucas A. Westby**
GA Bar No. 594008
lucas.westby@nelsonmullins.com
**Megan Walker Burton**
GA Bar No. 525103
megan.burton@nelsonmullins.com
**Nelson Mullins Riley & Scarborough, LLP**
201 17th Street NW
Suite 1700
Atlanta, GA 30363

**Craig N. Killen***
SC Bar No. 65464
craig.killen@nelsonmullins.com
**Jonathan D. Todd***
SC Bar No. 103758
jonathan.todd@nelsonmullins.com
**Nelson Mullins Riley & Scarborough, LLP**
301 South College Street, Suite 2300
Charlotte, NC 28202

*Counsel for Defendant ShoreShade LLC*

** Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I certify that I have completed service of the foregoing document by filing this document with the Court's electronic-filing system.

This the 14th day of January 2026.

*/s/ Lucas A. Westby*
**Lucas A. Westby**