**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| SOLBELLO, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-00267-JRH-BKE |
| SHORESHADE, LLC, | ) | |
| Defendant. | ) | |

**<u>SHORESHADE LLC'S PARTIAL MOTION TO DISMISS</u>**
**<u>FIRST AMENDED COMPLAINT</u>**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant ShoreShade LLC ("ShoreShade") submits this Motion to Dismiss in part the First Amended Complaint ("FAC") filed by Solbello, Inc. ("Solbello"). In addition to a claim for direct infringement of U.S. Pat. No. RE50606 (the "Reissue Patent"), the FAC purports to assert claims for contributory infringement and inducement. These claims, however, are not plausibly pleaded according to the applicable pleading standards. Dismissal of the contributory infringement and inducement claims is therefore appropriate.

## I. BACKGROUND

Solbello initially obtained U.S. Pat. No. 11,596,211 (the "Original Patent"). First Am. Compl. (Dkt. No. 50-1) at ¶ 15. On September 12, 2023, after apparently concluding that the Original Patent was defective, Solbello filed a reissue patent application seeking to broaden the scope of the claims in the Original Patent. *Id.* ¶ 20. This reissue patent application was ultimately granted, resulting in the Reissue Patent. *Id.* ¶ 22. The Reissue Patent issued on September 30, 2025. *Id.* Upon the issuance of the Reissue Patent, the surrender of the Original Patent took effect, making the Original Patent no longer assertable.

35 U.S.C. § 252. The FAC alleges that ShoreShade's next generation sail product directly infringes Claim 44 of the Reissue Patent. First Am. Compl. ¶¶ 60, 65–66. The FAC also alleges generally that ShoreShade is contributory infringing and inducing infringement of the Reissue Patent. *Id*. at ¶¶ 125–126.

## II. LEGAL STANDARD

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[P]laintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Allegations that are "merely consistent with" a defendant's liability are likewise insufficient because they fall "short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

A complaint must be dismissed if the plaintiffs cannot "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Thus, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555, and the governing standard requires "more than a sheer possibility that a defendant has acted unlawfully," *Iqbal*, 556 U.S. at 678.

"Even if included within the same paragraph of a complaint, claims for indirect infringement are generally deemed to be separate from claims of direct infringement or willful infringement" and "[e]ach must be adequately pled."[1] 6 Annotated Patent Digest (Matthews) § 39:7; *see, e.g.*, *Redd Group, LLC v.*

---

[1] Claims for indirect infringement include the contributory infringement and inducement claims described herein.

*Glass Guru Franchise Sys., Inc.*, 2013 WL 3462078, at *4-5 & n.1 (N.D. Cal. July 8, 2013) ("Plaintiffs shall separate their claims for direct infringement, inducement, and contributory infringement into separate causes of action. These are separate claims with separate elements."); *Pecorino v. Vutec Corp*., 934 F. Supp. 2d 422, 450 (E.D.N.Y. 2012) (granting motion to dismiss with respect to indirect infringement (inducement and contributory infringement) where plaintiff failed to include sufficient allegations on those claims, rejecting argument that sufficiency of pleadings on direct infringement claims was sufficient to meet the pleading standard for these other claims).

In determining whether applicable pleading standards have been met for patent infringement, Federal Circuit law is controlling. *AlexSam, Inc. v. Aetna, Inc*., 119 F.4th 27, 35 (Fed. Cir. 2024).

## III. ARGUMENT

### *A. No Contributory Infringement*

The FAC does not include a separate count for liability under a contributory infringement theory but mentions the concept of contributory infringement only in passing at Paragraph 125. That paragraph states "[t]he unauthorized manufacture, use, offer for sale, sale, importation, and/or distribution by Defendant of the Infringing Products constitute patent infringement, either direct patent infringement and/or contributory infringement." This conclusory language is insufficient to plausibly establish a contributory infringement claim because it fails to provide any allegations regarding required elements for a contributory infringement claim.

35 U.S.C. § 271(c), the statute governing contributory patent infringement claims, provides:

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, ***constituting a material part of the invention***, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and ***not***

> ***a staple article or commodity of commerce suitable for substantial noninfringing use***, shall be liable as a contributory infringer.

(emphasis added). Thus, to state a claim for contributory infringement, a complaint must, among other things, adequately (1) identify the component accused of infringement; and (2) allege that the accused product is not a staple article or commodity of commerce suitable for a substantial non-infringing use; and (3) allege an underlying act of direct infringement by another. *AlexSam*, 119 F.4th at 47; *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) ("There can be no inducement or contributory infringement without an underlying act of direct infringement."); *P2i Ltd. v. Favored Tech USA Corp.*, No. 3:23-cv-01690, 2024 WL 4294652, at *8 (N.D. Cal. Sept. 24, 2024) (dismissing contributory infringement claim where component was not identified). The FAC fails to allege sufficiently any of these elements.

1. *Solbello Failed to Sufficiently Identify the "Material or Apparatus" Allegedly Supplied by ShoreShade.*

Contributory infringement can only occur when a defendant supplies "material or apparatus" meeting the other requirements defined in the statute and discussed above. 35 U.S.C. § 271(c). However, the FAC is unclear in explaining what is being accused of contributory patent infringement. For example, it is unclear if Solbello is accusing the accused product as a whole of contributory infringement or if Solbello is accusing a particular component within the accused product of contributory infringement. The FAC defines "Infringing Product" ambiguously, stating at Paragraph 60, that "Defendant makes, uses, offers to sell, sells, imports, promotes, supplies, distributes, and/or designs the Alleged Second Iteration ShoreShade and/or imports ***components*** constituting a material part of the Alleged Second Iteration ShoreShade that infringe the '606 Patent (the 'Infringing Product')." (emphasis added); *see also* First Am. Compl. ¶¶ 26, 62 (mentioning components without specifying what the components are). This definition makes it

unclear if the Infringing Product includes the ShoreShade product as a whole, certain components in the product, or both.

If Solbello is accusing the accused product as a whole for contributory infringement, this contradicts its direct infringement claims against the same accused products—contributory infringement claims are directed to a component that is used in a larger assembly that directly infringes. 35 U.S.C. § 271(c) ("Whoever offers to sell or sells within the United States or imports into the United States a <u>component</u> of a patented machine . . . , constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." (emphasis added)).

Even assuming that Solbello intends to accuse components within the ShoreShade device of contributory infringement, it must identify the particular component that forms the basis of its contributory infringement claim. To evaluate whether other requirements for contributory infringement claims are met, this component needs to be identified first. By failing to identify the component that allegedly infringes, it is unclear how Solbello contends that the other requirements for contributory patent infringement are allegedly met. *P2i*, 2024 WL 4294652, at *8 (granting motion to dismiss on contributory infringement claim where the patentee "never actually identifie[d] the accused 'component'" and where the allegations were "threadbare, listing only the elements of the cause of action"); *HOYA Corp. v. Alcon Inc.*, No. 3:20-cv-03629, 2021 WL 4476739, at *6 (N.D. Tex. Sept. 30, 2021) ("Without identifying a component, a plaintiff cannot allege contributory infringement."); *Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-cv-999, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018) (dismissing contributory infringement claim where patentee did not identify the component that contributed to the infringement of its patents and

made no more than conclusory allegations that the unspecified component(s) have no substantial non-infringing uses).

"[U]nder any pleading standard, a complaint must put a defendant 'on notice as to what he must defend.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 715 (Fed. Cir. 2018) (additional citations omitted). By failing to identify what allegedly infringes, Solbello's contributory infringement claim must fail.

*2. No Substantial Non-Infringing Uses*

The FAC fails to plead any factual allegations to show that the products provided by ShoreShade are not suitable for a substantial non-infringing use. The FAC must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337; *accord Artrip*, 735 F. App'x at 713; *see also Iron Oak*, 2018 WL 1631396, at *2 (dismissing contributory infringement claim where patentee made no more than conclusory allegations that the unspecified component(s) had no substantial non-infringing uses). In the context of a claim of contributory infringement under § 271(c), a substantial non-infringing use is any use that is "not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Id.* (quoting *Vita–Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327–29 (Fed. Cir. 2009)). The FAC fails to even acknowledge this required element, let alone provide the well-pled facts sufficient to withstand a motion to dismiss.

*3. No Allegation of Direct Infringement by Another*

"There can be no inducement or contributory infringement without an underlying act of direct infringement." *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) (citing *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993)). Despite this, the

FAC does not allege any act of direct infringement by another. By failing to plead facts to establish that another person or entity committed an act of direct infringement, the contributory infringement claim fails to adequately plead a claim for contributory infringement.

### *B. No Inducement*

The FAC also lacks plausible allegations to sufficiently plead the required elements of an inducement claim.

The FAC does not include a separate count for liability under an inducement theory but does mention inducement in passing at Paragraph 126. That paragraph states "[t]he unauthorized manufacture, use, offer for sale, sale, importation, and/or distribution by Defendant of the Infringing Products constitute inducement to patent infringement." However, this conclusory statement is not enough to sufficiently plead a claim for inducement.

"[W]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "To prove induced infringement, the patentee must show direct infringement [by another], and that the alleged [indirect infringer by inducement] knowingly induced infringement and possessed specific intent to encourage another's [direct] infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012). The accused inducer must have "taken active steps to encourage, recommend, or promote infringement" by a third party. *H. Lundbeck A/S v. Lupin Ltd*., 87 F.4th 1361, 1370 (Fed. Cir. 2023) (additional citations omitted). Examples of active steps include "advertising an infringing use or instructing how to engage in an infringing use." *Id.* (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 936 (2005)). To support inducement liability, instructions may not merely describe an infringing mode; they must "evidence 'intent to encourage infringement.'" *Id*. (quoting *Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp*., 785 F.3d 625, 630–31 (Fed. Cir. 2015)) (additional citations omitted).

*1. <u>Insufficient Allegations Regarding Intent</u>*

Solbello includes no allegations of how ShoreShade possessed specific intent to encourage another's infringement. *Toshiba*, 681 F.3d at 1363. Solbello does not specifically allege how ShoreShade took any active steps to encourage, recommend, or promote infringement. *H. Lundbeck A/S v. Lupin Ltd.*, 87 F.4th 1361, 1370 (Fed. Cir. 2023). Additionally, Solbello does not attempt to identify who the other infringers are and includes no other allegations to establish specific intent. For example, Solbello includes no allegations about how any advertising or instructions provided by ShoreShade encouraged the end user to infringe.

Moreover, Solbello does not provide any factual allegations regarding ShoreShade's specific intent to encourage another's infringement, and Solbello's conclusory statement that "[t]he unauthorized manufacture, use, offer for sale, sale, importation, and/or distribution by Defendant of the Infringing Products constitute inducement to patent infringement" does not even touch on the element of intent to encourage infringement in any way and is insufficient. *Twombly,* 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Thus, Solbello's inducement claim must fail.

## IV. CONCLUSION

Given these deficiencies, the contributory infringement and inducement claims in the FAC should be dismissed.

NELSON MULLINS RILEY & SCARBOROUGH LLP

*<u>/s/ Lucas A. Westby</u>*
**Lucas A. Westby**
GA Bar No. 594008
lucas.westby@nelsonmullins.com
**Megan Walker Burton**
GA Bar No. 525103
megan.burton@nelsonmullins.com

**Nelson Mullins Riley & Scarborough, LLP**
201 17th Street NW
Suite 1700
Atlanta, GA 30363

**Craig N. Killen***
SC Bar No. 65464
craig.killen@nelsonmullins.com
**Jonathan D. Todd***
SC Bar No. 103758
jonathan.todd@nelsonmullins.com
**Nelson Mullins Riley & Scarborough, LLP**
301 South College Street, Suite 2300
Charlotte, NC 28202

*Counsel for Defendant ShoreShade LLC*

** Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I certify that service of the foregoing document has been completed by filing this document with the Court's electronic-filing system.

This the 1st day of June 2026.

*/s/ Lucas A. Westby*
**Lucas A. Westby**