IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| Solbello, Inc.,<br>Plaintiff<br><br>v.<br><br>ShoreShade LLC,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE NO.:<br>1:25-cv-00267-JRH-BKE |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

ShoreShade's Partial Motion to Dismiss should be denied. In its original Motion, (D.E. 21), ShoreShade contested all of Solbello's claims, mounting challenges to direct infringement, knowledge of the '606 Patent, and willfulness, among other arguments. ShoreShade has now dropped almost all of those challenges. It no longer contests whether Solbello has pleaded direct infringement; it no longer claims a lack of knowledge; and it no longer challenges willfulness. What remains is a substantially narrowed rehash of its original Motion to Dismiss: now, it attacks only Solbello's contributory infringement and inducement claims on the same grounds as it did before. (*Compare* D.E. 21 at 6–15; *with* D.E. 64 at 3–8).

Those few remaining arguments are meritless. Solbello's First Amended Complaint (the "FAC") is replete with allegations that: identify the infringing components; explain the absence of substantial non-infringing uses; assert underlying direct infringement by end users; and delineate ShoreShade's specific intent to encourage infringement. These allegations satisfy the liberal pleading standards that apply to patent infringement claims. ShoreShade had no responses to

those points in its original reply brief, (D.E. 43), and has not been able to muster anything more in its new Motion. Therefore, this Court should deny ShoreShade's Partial Motion to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

Given the Court's familiarity with this case from prior briefing and argument, Solbello provides only the most pertinent factual and procedural background.

Solbello is a North Carolina-based corporation founded in 2019 that manufactures and sells the Solbello Shade, an innovative self-adjusting sunshade. (D.E. 50-1 ¶¶ 2, 7). Solbello owns U.S. Patent No. RE50606 E (the "'606 Patent"), titled "Self-Adjusting Sun Shade Assembly," which was reissued on September 30, 2025. (*Id.* ¶¶ 22–23). The '606 Patent covers Solbello's unique utility in which ribs attached to a mast carry a sail that rotates to align with the direction of the blowing wind. (*Id.* ¶ 66).

In late 2022, ShoreShade set out to duplicate Solbello's sunshade. (*Id.* ¶¶ 32–36). It soon began manufacturing and selling a nearly identical product (the "Alleged First Iteration ShoreShade") online. (*Id.* ¶¶ 37–45).

Solbello filed this action in November 2025 and moved for a preliminary injunction, claiming that ShoreShade's product infringed its '606 Patent. (D.E. 1, 5). ShoreShade then represented to the Court that it had ceased selling the original product that Solbello had accused of infringing and would soon be launching a "next generation" version that would not infringe because it would not be able to rotate. (D.E. 22 at 2).

In the meantime, ShoreShade also moved to dismiss Solbello's original complaint. ShoreShade claimed Solbello hadn't alleged direct infringement, contributory infringement, inducement, or willfulness—and in particular, that Solbello hadn't sufficiently alleged that ShoreShade had knowledge of the '606 Patent. (D.E. 21 at 3–17).

ShoreShade began selling that purported "next generation" product (the "Alleged Second Iteration ShoreShade") around April 2026. (D.E. 50-1 ¶¶ 51–52). It differs from the original only by the addition of a small, non-functional finned end cap at the bottom of the mast. (*Id.*) Solbello field-tested the Alleged Second Iteration ShoreShade and confirmed that, in its view, it does indeed still rotate. (*Id.* ¶ 56). So Solbello once more moved for a preliminary injunction. (D.E. 49). It also moved to amend its Complaint to now assert the same claims against both the Alleged First and Second Iteration ShoreShades. (D.E. 50-1 ¶¶ 120–137).

The Court denied Solbello's second motion for preliminary injunction, finding that at that early stage, there was evidence on both sides as to whether the Alleged Second Iteration ShoreShade rotates with the wind. (D.E. 61 at 13). The Court granted Solbello leave to file the FAC and denied ShoreShade's original motion to dismiss as moot. (*Id.* at 16–17). ShoreShade has now filed a Partial Motion to dismiss the FAC, challenging only Solbello's contributory infringement and inducement claims and abandoning the rest of its prior arguments. (D.E. 64).

## **STANDARD OF REVIEW**

A plaintiff sufficiently pleads a complaint under Rule 12(b)(6) if the claim is plausible, rather than merely possible or conceivable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 680 (2009). To state a plausible claim, a plaintiff need only plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A complaint claiming patent infringement is sufficiently pleaded where it contains "factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

A plaintiff is not required to "plead infringement on an element-by-element basis." *Id.* at 1352. Rather, it is enough that the complaint place the alleged infringer "on notice of what activity or device is being accused of infringement." *K-Tech Telecommc'ns, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." (internal quotation marks omitted)). Thus, "[e]ven though the devices in patent cases can be complicated, the 'pleading obligations are not onerous.'" *Intrepid Automation, Inc. v. 3D Sys., Inc.*, 2025 WL 1940192, at *1 (S.D. Cal. July 15, 2025) (quoting *Bot M8*, 4 F.4th at 1354).

## ARGUMENT

### I. Solbello sufficiently pleaded its claim of contributory infringement.

In its Partial Motion, ShoreShade abandons its prior argument that Solbello failed to plead ShoreShade's knowledge of the '606 Patent, an element it previously challenged at length. (*Compare* D.E. 21 at 10–13 *with* D.E. 64). Now, it contends that Solbello has not sufficiently pleaded contributory infringement because the FAC apparently fails to: (1) identify the component—that is, the "material or apparatus"—accused of infringement; (2) allege that the accused product is not suitable for a substantial non-infringing use; and (3) allege an underlying act of direct infringement by another. (D.E. 64 at 3–7). Each of these remaining arguments fails as well.[1]

#### A. Solbello has sufficiently identified the infringing components.

ShoreShade's argument that Solbello failed to identify the accused components misreads the FAC and misapplies the law.

The requirement to identify the "material or apparatus" for contributory infringement purposes is satisfied where the plaintiff sets out in its complaint the material components of the accused product. *See Intrepid Automation,* 2025 WL 1940192, at *4 (finding that the complaint sufficiently identified the components that

---

[1] ShoreShade faults Solbello for not pleading contributory infringement and inducement as separate causes of action in its FAC. (D.E. 64 at 3, 7). ShoreShade's *only* support for this purported requirement of separate claims is a footnote in an unpublished California federal district court case. *See Redd Grp., LLC v. Glass Guru Franchise Sys., Inc.,* 2013 WL 3462078, at *4–5 & n.1 (N.D. Cal. Jul. 8, 2013). But ShoreShade also cites to a contradictory source acknowledging that these infringement claims may properly be "included within the same paragraph of a complaint." (*See* D.E. 64 at 2 (quoting 6 Annotated Patent Digest (Matthews) § 39:7)). Accordingly, ShoreShade's criticism on this point should be rejected.

allegedly contributorily infringed the asserted patents by "list[ing] several such material components" and noting that "[t]hese components are precisely what [the plaintiff] claims in its patents").

The FAC more than satisfies this standard. To be clear, Solbello is accusing specific components of the ShoreShade of contributory infringement, not the product as a whole. (*Cf.* D.E. 64 at 4). And Solbello identifies in its FAC each accused component via a claim chart, all of which are present in both the First and Second Alleged Iteration ShoreShades: "a mast configured to extend upwardly from a supporting surface, and having a top end and a bottom end"; "at least one rib located proximate the top end of said mast"; a rib "configured to rotate relative to the supporting surface"; "a sail having a proximal edge secured to said rib and an unrestrained free edge adapted to unfurl in response to blowing of the wind"; and a system "wherein an entire surface area of said sail is unrestrained from the proximal edge to the free edge." (D.E. 50-1 ¶¶ 66–76).

The FAC does indeed place ShoreShade "on notice as to what [it] must defend." (D.E. 64 at 6 (quoting *Artrip v. Ball Corp.*, 735 F. App'x 708, 715 (Fed. Cir. 2018))).

### B. Solbello has adequately alleged the absence of substantial non-infringing uses.

ShoreShade's argument that the FAC fails to plead the absence of substantial non-infringing uses fares no better. The inquiry into substantial non-infringing use "focuses on whether the accused products can be used for purposes *other than* infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1338 (Fed. Cir. 2012). An allegation that the accused product is essentially

identical to the patented product plausibly alleges that the accused product has no substantial non-infringing use—a copycat product, by virtue of its identical nature to the infringed product, is assumed to have no non-infringing use. *See PF3 Glob., LLC v. Forterra Pipe & Precast, LLC*, 2019 WL 13133562, at *3 (S.D. Miss. Sept. 11, 2019) (holding that the accused product did not have a substantial non-infringing use where it was essentially identical to the patented product, and purchasers were instructed to use the accused and patented products in identical ways); *Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, 2012 WL 202664, at *5, n.6 (S.D. Cal. Jan. 23, 2012) ("Accepting as true the allegations of the [complaint], however, the Court infers that because Defendants' products are [alleged to be] 'identical' to the products protected by the patents, [ ] they are not capable of any noninfringing use."); *see also Warn Indus., Inc. v. Agency 6 Inc.*, 660 F. Supp. 3d 924, 934 (E.D. Cal. 2023).

Here, the FAC alleges that ShoreShade copied the Solbello Shade's "design, measurements, and materials to create a *copycat product*." (D.E. 50-1 ¶ 36 (emphasis added)). It explains that the resulting product—the Alleged First Iteration ShoreShade—is "substantially identical" to the Solbello Shade. (*Id.* ¶ 38; *see id.* ¶¶ 37–45, 52). And it states that the Alleged Second Iteration ShoreShade differs from the First Iteration only by the addition of a "non-functional" end cap, and is otherwise "functionally equivalent" and "structurally identical" to the original version. (*Id.* ¶¶ 57, 59; *see id.* ¶ 52.). These allegations—that ShoreShade copied

Solbello's patented product to create two virtually identical knockoffs—plausibly establish that ShoreShade's products have no substantial non-infringing use.

**C. Solbello has adequately alleged direct infringement by another.**

As a last gasp, ShoreShade perfunctorily claims that Solbello has not "allege[d] any act of direct infringement by another." (D.E. 64 at 7). But ShoreShade itself abandoned its challenge to Solbello's direct infringement claim following this Court's preliminary injunction order, (D.E. 61), effectively conceding that Solbello has stated a viable claim against it for direct infringement. ShoreShade is thus hard pressed to argue that third parties who use the product in the same infringing manner and as ShoreShade intends do not also directly infringe the '606 Patent.

In any event, there can be little doubt that Solbello has indeed alleged direct infringement by a third party. As this Court made clear in its order, Solbello's direct infringement claim against ShoreShade likely boils down to whether and to what extent the ShoreShades rotate. (D.E. 61 at 6–13). Solbello has alleged that both iterations of the ShoreShade do indeed rotate, (*e.g.*, D.E. 50-1 ¶¶ 54, 56–57, 76), and that ShoreShade sells and distributes the infringing products to end-user consumers who then use the products in the same way, (*id.* ¶¶ 60, 62–64). Because those allegations must be accepted as true at this stage, *Bot M8*, 4 F.4th at 1353, Solbello has stated an underlying claim for direct infringement, *see AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 46 (Fed. Cir. 2024) (holding that references to promotional materials were "sufficient to support a plausible inference that at least one directly infringing customer . . . exists").

## II. Solbello sufficiently pleaded its claim of inducement.

ShoreShade's challenge to Solbello's inducement claim is equally unavailing. It no longer argues, as it did in its earlier motion, that Solbello failed to plead ShoreShade's knowledge of the '606 Patent or that Solbello failed to allege active steps encouraging infringement after the patent issued. (*Compare* D.E. 21 at 13–15; *with* D.E. 64 at 7–8). Instead, it now claims only that the FAC hasn't sufficiently alleged intent. That is wrong too.

To plead inducement, "a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (citation modified). A plaintiff is not required to identify a specific customer the defendant induced. *In re Bill of Lading*, 681 F.3d at 1336. "Circumstantial evidence may suffice to prove specific intent," *AlexSam*, 119 F.4th at 46, and "[t]he requisite intent to induce infringement may be inferred from all of the circumstances," *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 669 (Fed. Cir. 1988).

The FAC is replete with allegations that show ShoreShade specifically intended and intends for its customers to infringe the '606 Patent. First, the FAC explains that ShoreShade deliberately set out to copy Solbello's patented product, as it purchased a Solbello Shade and sent it to manufacturers with instructions to replicate it. (FAC ¶¶ 31–36). It also contends that ShoreShade produced products that are "substantially identical" to the Solbello Shade. (*Id.* ¶ 38; *see id.* ¶¶ 37–45,

52). The FAC further states that ShoreShade advertises and offers to sell the infringing products on its website and through other channels, thereby actively encouraging consumers to purchase and use the infringing products. (*Id.* ¶¶ 62–64). Finally, it alleges that ShoreShade had knowledge of Solbello's patent rights through the cease-and-desist letter and this lawsuit, yet continued to sell its products. (*Id.* ¶¶ 110–119).

Courts have found specific intent adequately pleaded on comparable facts. In *Weiland*, for instance, the court found that the plaintiff adequately pleaded specific intent to induce infringement based on allegations that the defendants set out to copy the plaintiff's patented product, produced an identical product, and disseminated online brochures advertising the infringing product. 2012 WL 202664, at *5–6. As that court concluded, these allegations "support[ed] an inference that [the defendants] had knowledge that their products infringed [the plaintiff's] patents, and that they intended to induce others to infringe." *Id.* at *5. Similarly, in *AlexSam*, the Federal Circuit held that a complaint plausibly alleged specific intent by alleging that the defendant induced infringement by its customers through information available on its website. 119 F.4th at 46.

Taken as a whole, the totality of the circumstances alleged in the FAC permit an inference that ShoreShade intended and intends to induce infringement. *See Warn Indus.*, 660 F. Supp. 3d at 933 ("[A]llegations that defendant knew of the patent, was put on notice by plaintiff of possible infringement, and actively sold the Accused Product to be used in an infringing manner are sufficient" to plead inducement.).

Because Solbello has sufficiently pleaded the essential elements of an inducement claim, ShoreShade's motion to dismiss this claim fails.

**CONCLUSION**

For these reasons, Solbello respectfully asks that the Court deny Defendant's Partial Motion to Dismiss.

This the 15th day of June, 2026.


*/s/ Christopher A. Cosper*
Christopher A. Cosper
Ga. State Bar I.D. No.: 142020
E-mail: ccosper@hullbarrett.com
For the firm of
Hull Barrett, PC
801 Broad Street, 7th Floor
Augusta, GA 30901
Telephone: (706) 722-4481
Facsimile: (706) 722-9779

*/s/ Joseph A. Schouten*
Joseph A. Schouten*
N.C. State Bar I.D. No.: 39430
E-mail: docket@wardandsmith.com
E-mail: jas@wardandsmith.com
Payton Collier Bullard*
N.C. State Bar I.D. No.: 56731
E-mail: pcbullard@wardandsmith.com
Gavin B. Parsons*
N.C. State Bar I.D. No.: 28013
E-mail: gbparsons@wardandsmith.com
Mark S. Wigley*
N.C. State Bar I.D. No.: 63599
E-mail: mswigley@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 33009
Raleigh, NC 27636-3009
Telephone: (919) 277-9100
Facsimile: (919) 277-9177

**Of counsel, admitted pro hac vice*

*Attorneys for Plaintiff Solbello, Inc.*

## Certificate of Service

I hereby certify that on June 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Lucas A. Westby
E-mail: lucas.westby@nelsonmullins.com
Megan Walker Burton
E-mail: megan.burton@nelsonmullins.com
Nelson Mullins Riley & Scarborough, LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363

Craig N. Killen
E-mail: craig.killen@nelsonmullins.com
Jonathan D. Todd
E-mail: jonathan.todd@nelsonmullins.com
Nelson Mullins Riley & Scarborough, LLP
One Wells Fargo Center
301 S. College Street, 23rd Floor
Charlotte, NC 28202

*Attorneys for Defendant ShoreShade LLC*

*/s/ Christopher A. Cosper*
Christopher A. Cosper
Ga. State Bar I.D. No.: 142020
E-mail: ccosper@hullbarrett.com
For the firm of
Hull Barrett, PC
801 Broad Street, 7th Floor
Augusta, GA 30901
Telephone: (706) 722-4481
Facsimile: (706) 722-9779