**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| SOLBELLO, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-00267-JRH-BKE |
| SHORESHADE, LLC, | ) | |
| Defendant. | ) | |

**SHORESHADE LLC'S MOTION TO STAY**
**PENDING POST GRANT REVIEW PROCEEDINGS**

Defendant ShoreShade LLC ("Defendant" or "ShoreShade") moves to stay this action pending resolution of ShoreShade's post grant review ("PGR") petition before the U.S. Patent and Trademark Office ("USPTO"). The PGR petition asserts that Claims 44, 45, and 47 of U.S. Pat. No. RE50606 (the "Reissue Patent"), each of which is asserted by Plaintiff Solbello, Inc. ("Plaintiff" or "Solbello") in this action, are invalid on five separate grounds. A stay of this case should be granted because of the pending PGR petition, because this case is still in its infancy, because ShoreShade has not yet submitted invalidity contentions, and because no discovery has been served by either party yet. Because of the estoppel effect of 35 U.S.C. § 325(e)(2), the PGR may substantially narrow the issues here. Toward this end, ShoreShade stipulates that, if the PGR is instituted, ShoreShade will not pursue any of the specific grounds asserted in the PGR petition or on any other ground that reasonably could have been raised in the PGR petition, mitigating the risk of overlapping issues and inconsistent decisions.

For these reasons, ShoreShade respectfully requests the Court enter a stay in this case pending final resolution of the PGR, including any appeals thereof.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Solbello filed its initial Complaint and its first motion for a preliminary injunction on November 7, 2025. Dkt. Nos. 1, 5. The initial litigation Complaint was filed based on a first-generation product. On November 19, 2025, ShoreShade moved to dismiss (Dkt. No. 21) and filed its response to the motion for a preliminary injunction (Dkt. No. 22), stating, among other things, that no infringing act (e.g., making, using, offering to sell, selling, or importing) had occurred since the grant of the Reissue Patent for the first-generation product and that ShoreShade was moving to a second-generation product. An order was entered denying the first motion for a preliminary injunction on December 22, 2025 (Dkt. No. 42).

After the first motion for a preliminary injunction was denied, the parties conducted a Rule 26(f) conference on January 20, 2026, and February 2, 2026. Rule 26(f) Report (Dkt. No. 47). Based on the parties' agreement stemming from this Rule 26(f) conference, the case was stayed on February 23, 2026, pending a ruling on the motion to dismiss. Order Staying Disc. (Dkt. No. 48).

While the case was stayed, Solbello filed a second motion for a preliminary injunction (Dkt. No. 49) and a motion for leave to file a first amended complaint (Dkt. No. 50) on April 30, 2026. The second motion for a preliminary injunction focused exclusively on the second-generation product. ShoreShade filed a response (Dkt. No. 53) opposing the second motion for a preliminary injunction. A hearing was conducted on this preliminary injunction motion on May 8, 2026. Min. Entry (Dkt. No. 55). The Court denied the second motion for a preliminary injunction on May 18, 2026 (Dkt. No. 61).

Following the order denying the second motion for a preliminary injunction, little has happened in the case. As required by the Scheduling Order, Solbello served infringement contentions on June 8, 2026. After ShoreShade sent Solbello a letter to point out numerous deficiencies in Solbello's infringement contentions, Solbello served a supplemental set of infringement contentions on June 15, 2026. Initial disclosures have been exchanged, but no interrogatories or requests for production have been served by either party. Further, no claim construction briefing or hearing has been conducted, and no trial date has been set in this Court.

ShoreShade served the PGR petition challenging claims of the Reissue Patent on June 30, 2026 (PGR2026-00064).[1] This petition challenges the claims on five grounds, any of which if successful would invalidate claims 44, 45, and 47 of the Reissue Patent. Specifically, the PGR petition asserts these claims are invalid (i) under 35 U.S.C. § 102 as being anticipated by U.S. Pat. Publ. No. 2013/0019794 to Neal ("Neal"); (ii) under 35 U.S.C. § 102 as being anticipated by DE 2020/14103145U1 ("German Reference"); (iii) under 35 U.S.C. § 103 as being obvious over U.S. Pat. Publ. No. 2008/0196754 to Saiz ("Saiz") and U.S. Pat. No. 10,190,330 to Barnes et al. ("Barnes"); (iv) under 35 U.S.C. § 112 as lacking sufficient written description support; and (v) under 35 U.S.C. § 112 for lack of enablement. An institution decision in the PGR proceeding is expected by December 30, 2026. *See* 35 U.S.C. § 324(c) (stating that institution decision must be made within three months after Solbello's preliminary response); 37 C.F.R. § 42.207(b) (stating that preliminary response must be filed no later than three months after PGR petition).

[1] The USPTO filing system was down and inoperative on the evening of June 30 through no fault of ShoreShade, so the petition and related documents were uploaded to the filing system on July 1 with a motion that ShoreShade's submission be accorded a filing date of June 30. ShoreShade expects this routine motion to be granted.

## II. LEGAL STANDARD

### A. Post Grant Review

The PGR process allows any party that is not the owner of a patent to challenge the validity of a patent's claims. 35 U.S.C. § 321(a). In PGR proceedings, the petitioner may request that the USPTO's Patent Trial and Appeal Board ("PTAB") cancel one or more of a patent's claims based on any ground. 35 U.S.C. § 321(b).

The petition filed by ShoreShade is for a PGR proceeding, which is distinct from inter partes review ("IPR") proceedings. While these two types of proceedings are similar in most respects, some critical differences exist between the two. In IPR proceedings, the petitioner may only raise challenges that claims are obvious or anticipated by "prior art consisting of patents or printed publications." 35 U.S.C. § 311(b). PGR proceedings may raise challenges on any condition of patentability in the patent statute, including grounds for lack of written description and lack of enablement. 35 U.S.C. § 321(b).

Additionally, while PGR proceedings must be filed within nine months of the issuance of a patent, 35 U.S.C. § 321, an IPR proceeding may be filed after this nine-month deadline. For this reason, the USPTO takes an even more favorable view towards institution of PGR proceedings than it does for IPR proceedings. "Petitions for post-grant review are <u>favored</u> because they must be filed no later than nine months from the grant of the patent (35 U.S.C. § 321(c)), are close in time to examination, and occur before expectations in the patent rights are strongly settled." *Multi-Color Corp. v. Brook & Whittle Ltd.*, PGR2025-00025, Paper 10 at 2–3 (July 16, 2025) (designated as precedential by PTAB on January 9, 2026 for this exact proposition and provided as Exhibit 1) (emphasis added) (citing *LifeVac, LLC v. DCSTAR Inc.*, IPR2025-00454, Paper 11 at 2 (PTAB July 11, 2025) (also designated as precedential by PTAB and provided as Exhibit 2)).

After a PGR petition is filed, the patent owner may submit a preliminary response within three months of the PGR petition. 35 U.S.C. § 323; 37 C.F.R. § 42.207(b). Within three months after receipt of a preliminary response, the PTAB must decide whether to institute the proceeding. 35 U.S.C. § 324(c). The PTAB may not institute a PGR unless the information presented in the petition, "if such information is not rebutted, would demonstrate that it is more likely than not that at least 1 of the claims challenged in the petition is unpatentable." 35 U.S.C. § 324(a).

If the USPTO institutes a PGR, the proceeding is conducted before a panel of three trained Administrative Patent Judges of the PTAB. 35 U.S.C. §§ 6(a)–(c). "During the IPR process, the parties can respond to each other's arguments and take limited discovery; they also have the right to an oral hearing." *Phelan Grp., LLC v. Mercedes-Benz Grp. AG*, No. 1:25-cv-1399-SEG, 2025 WL 3303050, at *2 (N.D. Ga. Oct. 3, 2025) (quoting *Epic Tech, LLC v. Pen-Tech Assocs., Inc*., No. 1:20-cv-02428, 2020 WL 8258736, at *2 (N.D. Ga. Sept. 28, 2020) (citing § 316(a)(5), (8), (10), and (13)).

Once instituted, a petitioner must prove invalidity by a preponderance of the evidence. § 326(e). Once the PTAB issues a final decision, if the claims are not invalidated, the petitioner is estopped from asserting in a district court action that a claim is invalid on any ground that the petitioner raised or reasonably could have raised during that PGR. 35 U.S.C. § 325(e)(2).

If the USPTO institutes a PGR, a final determination must be issued within one year of the institution date, unless there is good cause to extend the period. 37 C.F.R. § 42.200(c). After receiving a final determination from the PTAB in a PGR proceeding, the parties may appeal to the United States Court of Appeals for the Federal Circuit. 35 U.S.C. §§ 141(c), 329.

**B. Stay Pending Post Grant Review**

A district court has "broad discretion over the management of pre-trial activities, including discovery and scheduling," *Johnson v. Bd. of Regents of Univ. of Ga*., 263 F.3d 1234, 1269 (11th Cir.

2001), and has "broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 706, (1997).

"In the patent litigation context, courts have reasoned that a stay pending a related [PTAB] proceeding should be liberally granted, especially when the [PTAB's] review may assist the court in disposing of the civil action." *Phelan*, 2025 WL 3303050, at *2 (citing *Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13-cv-3004, 2014 WL 4059886, at *2 (M.D. Fla. Aug. 14, 2014) (collecting cases) (granting stay in a case involving seven patents where an inter partes review proceeding had been instituted for one patent and institution decisions for the six other patents had not yet been entered); *Epic Tech*, 2020 WL 8258736, at *2 (listing the benefits of staying infringement litigation pending PTAB proceedings)); *see also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) (stating that a motion to stay may be granted even before the PTAB rules on institution).

The benefits of staying litigation pending the PGR are notable, such as: (i) all prior art presented to the Court will have been first considered by the USPTO, with its particular expertise; (ii) many discovery problems relating to prior art can be alleviated by the USPTO examination; (iii) invalidation of certain patent claims in a PGR would prevent further infringement allegations based on that patent claim;[2] (iv) the outcome of the PGR may encourage a settlement without the further use of the Court; (v) issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination; (vi) the cost and resources that must be expended will likely be reduced both for the parties and the Court. *Aegis 11 S.A. v. Hisense Co., Ltd.*, No. 1:20-cv-03891, 2021 WL 12300139, at *2 (N.D. Ga. June 23, 2021) (citing *Tomco[2] Equip. Co. v. Se. Agri-Systems, Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008)). Like IPR proceedings, PGR proceedings (1)

[2] "[N]o accused products can be found liable for infringement of an invalid claim." *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1295 (Fed. Cir. 2013).

reduce to 12 months the time the USPTO spends reviewing validity; (2) minimize duplicative efforts by increasing coordination between district court litigation and post grant review; and (3) allow limited discovery in the review proceedings. *Phelan*, 2025 WL 3303050, at *2 (citations omitted).

"[C]ourts consider three factors in deciding whether to stay litigation pending completion of [an] [PGR]: '(1) whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in the case; and (3) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant.'" *Phelan*, 2025 WL 3303050, at *3 (quoting *Aegis*, 2021 WL 12300139, at *2 (quoting *Interface, Inc. v. Tandus Flooring, Inc.*, No. 4:13-cv-00046, 2013 WL 5945177, at *4 (N.D. Ga. Nov. 5, 2013))); *see also New World Med. Inc. v. MicroSurgical Tech. Inc.*, No. 2:20-cv-01621, 2021 WL 952456, at *2 (W.D. Wash. Feb. 18, 2021), *R. & R. adopted*, No. 2:20-cv-01621, 2021 WL 949382 (W.D. Wash. Mar. 12, 2021) (stating that the same factors apply for post grant review proceedings).

## III. ARGUMENT

Courts in this Circuit "have reasoned that a stay pending a related [USPTO] administrative proceeding should be liberally granted," including where, as here, the PGR may significantly simplify the issues. *Doubleday Acquisitions, LLC v. Envirotainer AB*, No. 1:21-cv-03749, 2022 WL 18778991, at *3 (N.D. Ga. June 3, 2022) (emphasis added). Because all factors strongly favor a stay, the Court should grant ShoreShade's Motion and stay the case through the duration of the PGR, including any appeals thereof.

### A. Factor 1: The Early Stages of Litigation Favors a Stay.

Because this case is in the early stage of litigation, this factor strongly supports a stay. Although the parties have engaged in preliminary motion practice, including two now-denied motions for a preliminary injunction and a pending motion to dismiss, the merits of the case have not begun

to be litigated. ShoreShade has not yet filed an Answer. No document requests or interrogatories have been served. No depositions have been taken. Thus, apart from the initial disclosures and the infringement contentions, no discovery has occurred. In addition, claim construction proceedings have not commenced, and no claim construction hearing has been set. Further, no trial date has been set. The early stage of this case therefore weighs in favor of a stay. *Epic Tech*, 2020 WL 8258736, at *3 (citations omitted) (stating that "[t]he earlier the stage of proceedings, the greater the reason to grant a stay"); *see also IP Co., LLC v. Tropos Networks, Inc.*, No. 1:06-cv-0585, 2014 WL 12622444, at *2 (N.D. Ga. Mar. 5, 2014) (stay favored when case had been pending without substantive progression).

The timing of the PTAB institution decision also favors granting a stay. The PTAB is statutorily required to provide a decision on institution around six months from the filing of a petition (i.e., by December 30, 2026 in this case). *See supra* § I. Courts in this District have regularly granted stays pending PGR institution decisions, including in situations similar to this one, when the case is in its infancy, little discovery has taken place, and no claim construction hearing or trial date is set. *See Aegis 11*, 2021 WL 12300139, at *3 (granting stay before institution and noting that, even if institution is denied, duration of stay would be "short"). Here, granting the stay may serve to significantly reduce the burden on this Court and the parties. However, if the Court denies the stay now and the PGR is instituted later, the Court and parties may have expended unnecessary resources in the interim, including on discovery and claim construction.

Thus, this factor weighs strongly in favor of granting a stay until the PGR proceedings reach final resolution.

### B. Factor 2: A Stay Will Simplify the Issues.

Staying the case pending the outcome of the PGR could "streamline the case by resolving issues that would otherwise need to be addressed by the Court." *Aegis 11*, 2021 WL 12300139, at *3; *Cooper Lighting, LLC v. Cordelia Lighting, Inc.*, No. 1:16-cv-2669, 2018 WL 11350482, at *4 (N.D. Ga. June 28, 2018). The resolution of issues in a PGR "prevent[s] duplicative efforts and conserve[s] significant time and resources of both the parties and the Court." *Tropos Networks*, 2014 WL 12622444, at *3.

Should the PTAB institute the PGR and find any claims valid in its final written decision, ShoreShade would be estopped under 35 U.S.C. § 325(e)(2) from asserting invalidity of those claims in this action on any ground that ShoreShade raised or reasonably could have raised during the PGR. Should the PTAB institute the PGR and find claims invalid in its final written decision, this would resolve any allegations of infringement based on those invalidated claims. *See Lazare Kaplan*, 714 F.3d at 1295 ("[N]o accused products can be found liable for infringement of an invalid claim."). The estoppel provision therefore guarantees this Court will benefit from an instituted PGR, because the scope of the invalidity issues in this litigation would be reduced, regardless of whether the final written decision favors ShoreShade or Solbello.

ShoreShade has stipulated in the post grant review petition that if the PTAB institutes post grant review, ShoreShade will not pursue in this civil lawsuit the specific grounds asserted in the PGR, or on any other ground that reasonably could have been raised in the PGR. The PTAB has determined that this type of stipulation mitigates concerns of overlapping issues or duplicative efforts between the Court and the PTAB and concerns of inconsistent decisions between the Court and the PTAB. *Sotera Wireless, Inc. v. Masimo Corp.*, IPR2020-01019, Paper 12 at 13–14 (PTAB

Dec. 1, 2020) (provided as Exhibit 3). ShoreShade repeats this stipulation here for these proceedings as well.

If instituted, the PTAB will engage in claim construction that will further develop the prosecution history. "As many courts have noted, [PTAB] reviews often further judicial economy by, among other things, addressing validity issues, focusing other substantive and evidentiary issues in the case, and developing the prior art and prosecution history." *Phelan*, 2025 WL 3303050, at *4 (quoting *Doubleday Acquisitions*, 2022 WL 18778991, at *4 (citing *Capriola Corp. v. LaRose Indus., LLC*, No. 8:12-cv-2346, 2013 WL 1868344, at *1 (M.D. Fla. Mar. 11, 2013))). Even if issues remain after the PTAB proceedings have concluded, this further factual development will narrow the remaining issues during litigation and could resolve claim construction disputes before they reach the Court.

Therefore, the simplification of issues strongly weighs in favor of a stay.

### C. Factor 3: A Stay Would Not Unduly Prejudice Solbello.

There would be no undue prejudice or tactical disadvantage to Solbello if the Court were to grant a stay pending resolution of the PGR. As an initial matter, "the mere fact that delay will necessarily result from the stay does not mean that there is *undue* prejudice." *Doubleday Acquisitions*, 2022 WL 18778991, at *3 (emphasis in original). Instead, courts determine whether there is undue prejudice or tactical disadvantage based on four sub-factors: "(1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *Epic Tech*, 2020 WL 8258736, at *4. The parties are direct market competitors, which weighs slightly against granting the stay. *Doubleday Acquisitions*, 2022 WL 18778991, at *4. However, the first three sub-factors strongly weigh in favor of a stay.

The timing of the review request favors a stay as ShoreShade did not delay requesting post grant review. As discussed in Section III(A), the review request was made in the early stages of this litigation. ShoreShade filed its PGR petition within the statutorily allotted period under 35 U.S.C. § 321(c) for post grant review applications. Because ShoreShade filed its petition in this shortened nine-month window, this factor favors a stay. *buySAFE, Inc. v. Google, Inc.*, No. 3:13-cv-781, 2014 WL 2714137, at *6 (E.D. Va. June 16, 2014) (finding that timing of petition and timing of motion to stay weighed in favor of a stay where petition was filed within nine-month statutory window for PTAB proceeding and where motion to stay was filed three days after filing of petition).

Other issues have prevented ShoreShade from filing its petition and motion to stay earlier. Solbello filed a first motion for preliminary injunction. ShoreShade devoted substantial resources to show how this motion lacked merit. After the first motion was denied, Solbello agreed to a stay pending the resolution of the first motion to dismiss, so there is precedent in this case for a stay in appropriate circumstances. However, during the agreed upon stay, Solbello chose to move forward with this case, filing a second preliminary injunction motion. Again, ShoreShade devoted substantial resources to show how this motion lacked merit, and the motion was again denied. ShoreShade filed its PGR petition within 43 days of the date that the first amended complaint became operative and within 43 days of the date that the second motion for a preliminary injunction was denied. Dkt. No. 61. Moreover, ShoreShade filed its petition about two weeks after receiving Solbello's supplemental infringement contentions. These circumstances show that ShoreShade has worked expediently to get the PGR petition and the motion to stay filed.

ShoreShade is filing this motion before any interrogatories or requests for production have been served by either party. Additionally, ShoreShade filed its PGR petition about two weeks after Solbello provided its supplemental infringement contentions and before ShoreShade's invalidity

contentions are due in this litigation. Numerous claim construction deadlines have not yet been reached. Therefore, this sub-factor weighs in favor of a stay.

*Third*, the status of the review proceedings favors a stay. Courts in the Eleventh Circuit frequently grant stays when an IPR or a PGR is awaiting an institution decision by the PTAB. *Doubleday Acquisitions*, 2022 WL 18778991, at *5; *Aegis 11*, 2021 WL 12300139; *Epic Tech*, 2020 WL 8258736. If the PGR is instituted, staying this case until resolution of the PGR will simplify the issues. And even if the PGR is denied institution, a stay will be six months or less and would not unduly prejudice Solbello. *Doubleday Acquisitions*, 2022 WL 18778991, at *4 (stating that, even if the PTAB did not institute the proceedings, "the likely short delay in litigation that will result from a stay will not significantly prejudice Plaintiff").

Moreover, as noted above, Solbello has served no discovery (other than required disclosures). No interrogatories or requests for production have been served. And although Solbello is a direct competitor, this Court has twice denied Solbello's motions for a preliminary injunction, finding no basis for the extraordinary relief that a claim of ongoing irreparable harm would require. This record and the lack of urgency Solbello has shown since the denial of its second preliminary injunction motion weighs against a finding of undue prejudice.

Viewing the totality of the "undue prejudice or tactical disadvantage" factor, granting a stay in this matter will not cause Solbello undue prejudice.

## IV. CONCLUSION

A stay pending the PTAB's decision in the PGR comes timely, would simplify the issues for this Court, and would not unduly prejudice Solbello. For these reasons, ShoreShade respectfully requests that the Court grant its Motion and enter a stay in this case pending the resolution of the PGR proceedings against the Reissue Patent, including appeals. ShoreShade respectfully proposes

that it submit a report to the Court within 21 days after the final resolution of the PGR, including any appeals.


NELSON MULLINS RILEY & SCARBOROUGH LLP

*/s/ Jonathan D. Todd*
**Lucas A. Westby**
GA Bar No. 594008
lucas.westby@nelsonmullins.com
**Megan Walker Burton**
GA Bar No. 525103
megan.burton@nelsonmullins.com
**Nelson Mullins Riley & Scarborough, LLP**
201 17th Street NW
Suite 1700
Atlanta, GA 30363

**Craig N. Killen***
SC Bar No. 65464
craig.killen@nelsonmullins.com
**Jonathan D. Todd***
SC Bar No. 103758
jonathan.todd@nelsonmullins.com
**Nelson Mullins Riley & Scarborough, LLP**
301 South College Street, Suite 2300
Charlotte, NC 28202

*Counsel for Defendant ShoreShade LLC*

** Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I certify that service of the foregoing document has been completed by filing this document with the Court's electronic-filing system.

This the 2nd day of July 2026.

*/s/ Jonathan D. Todd*
Jonathan D. Todd