# EXHIBIT 1

Director_Discretionary_Decision@uspto.gov
571-272-7822

Paper 10
Date: July 16, 2025

Patent Trial and Appeal Board
PRECEDENTIAL
Designated: 01/09/2026

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE OFFICE OF THE UNDER SECRETARY OF COMMERCE
FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE
UNITED STATES PATENT AND TRADEMARK OFFICE

---

MULTI-COLOR CORPORATION,
Petitioner,

v.

BROOK & WHITTLE LIMITED,
Patent Owner.

---

PGR2025-00025
Patent 11,961,422 B2

---

Before COKE MORGAN STEWART, *Acting Under Secretary of Commerce for Intellectual Property and Acting Director of the United States Patent and Trademark Office.*

DECISION
Referring the Petition to the Board

Brook & Whittle Ltd. ("Patent Owner") filed a request for discretionary denial (Paper 7, "DD Req.") in the above-captioned case, and Multi-Color Corporation ("Petitioner") filed an opposition (Paper 9, "DD Opp.").

After considering the parties' arguments and the record, and in view of all relevant considerations, discretionary denial of institution is not appropriate in this proceeding. This determination is based on the totality of the evidence and arguments the parties have presented.

Some factors weigh in favor of discretionary denial. For example, the challenged patent is currently at issue in two district court proceedings—a patent infringement suit in the Eastern District of Texas and a declaratory judgment action (noninfringement) in the District of Delaware. DD Req. 1; DD Opp. 5; Paper 2, 1; Paper 4, 2. The scheduled trial date in the Texas proceeding is May 18, 2026, which is approximately four months before the September 21, 2026, final written decision due date in this proceeding. DD Req. 12. As such, it is unlikely that a final written decision in this proceeding will issue before the Texas district court trial occurs.

Other factors counsel against discretionary denial. For example, Petitioner is not a party to either proceeding, and represents that it has no substantive relationship with any defendant in the district court proceedings. DD Opp. 4. Further, no trial date has been scheduled in the parallel proceeding in Delaware. *Id.* at 11. In addition, the challenged patent issued on April 16, 2024, and Petitioner filed its Petition on January 16, 2025—nine months from the grant of the challenged patent. Petitions for post-grant review are favored because they must be filed no later than nine months from the grant of the patent (35 U.S.C. § 321(c)), are close in time to examination, and occur before expectations in the patent rights are strongly

settled. *LifeVac, LLC v. DCSTAR Inc.*, IPR2025-00454, Paper 11 at 2 (PTAB July 11, 2025). Petitioner also provides persuasive reasoning, supported by evidence, that discretionary denial under 35 U.S.C. § 325(d) is not appropriate. DD Opp. 30–43. Accordingly, the factors counseling against discretionary denial outweigh those that counsel for it.

Although certain arguments are highlighted above, the determination not to exercise discretion to deny institution is based on a holistic assessment of all of the evidence and arguments presented. Accordingly, the Petition is referred to the Board to handle the case in the normal course, including by issuing a decision on institution addressing the merits and other non-discretionary considerations, as appropriate.

In consideration of the foregoing, it is:

ORDERED that Patent Owner's request for discretionary denial is *denied*;

FURTHER ORDERED that the Petition is referred to the Board; and

FURTHER ORDERED that neither party shall file a request for rehearing or Director Review of this decision until the Board issues a decision on institution.

FOR PETITIONER:

Brett Schatz
Louis Sitler
WOOD, HERRON & EVANS LLP
bschatz@whe-law.com
lsitler@whe-law.com

FOR PATENT OWNER:

W. Baker
KIRKLAND & ELLIS LLP
todd.baker@kirkland.com