# Exhibit C

Trials@uspto.gov
571-272-7822

Patent Trial and Appeal Board
PRECEDENTIAL
Standard Operating Procedure 2
Designated: 5/5/20

Paper No. 11
Entered: March 20, 2020

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE PATENT TRIAL AND APPEAL BOARD

---

APPLE INC.,
Petitioner,

v.

FINTIV, INC.,
Patent Owner.

---

Case IPR2020-00019
Patent 8,843,125 B2

---

Before WILLIAM M. FINK, *Vice Chief Administrative Patent Judge*, and LINDA E. HORNER and LYNNE E. PETTIGREW, *Administrative Patent Judges*.

FINK, *Vice Chief Administrative Patent Judge*.

ORDER
Conduct of the Proceeding
*Supplemental Briefing on Discretionary Denial*
*35 U.S.C. § 314(a) and 37 C.F.R. § 42.5(a)*

## I. INTRODUCTION

Petitioner, Apple, Inc., filed a Petition in this case on October 28, 2019, challenging certain claims of U.S. Patent No. 8,843,125 B2 (Ex. 1001, "the '125 patent") owned by Patent Owner, Fintiv, Inc. Paper 1 ("Pet."). Patent Owner filed a Preliminary Response on February 15, 2020. Paper 10 ("Prelim. Resp."). In its Preliminary Response, Patent Owner requests that the Board apply its discretion under 35 U.S.C. § 314(a) to deny institution of the requested proceeding due to the advanced state of a parallel district court litigation in which the same issues have been presented and trial has been set for November 16, 2020. Prelim. Resp. 22–26 (citing *NHK Spring Co. v. Intri-Plex Techs., Inc.*, IPR2018-00752, Paper 8 (PTAB Sept. 12, 2018) (precedential, designated May 7, 2019)). Although Petitioner addressed the issue briefly in the Petition, at that time no trial date had been set. *See* Pet. 7. In light of the apparent change in status of the parallel proceeding, the panel has determined that supplemental briefing on the issue of discretionary denial is necessary in this case to give Petitioner an opportunity to respond. This Order discusses the factors relevant to the Board's decision on whether to apply its discretion under 35 U.S.C. § 314(a) to deny institution. This Order authorizes the parties to file supplemental briefing addressing facts in this case relevant to these factors.

## II. DISCRETIONARY DENIAL UNDER *NHK*

In *NHK*, the patent owner argued the Board should deny institution under 35 U.S.C. § 314(a) because institution of a trial at the PTAB would be an inefficient use of Board resources in light of the "advanced state" of the parallel district court litigation in which the petitioner had raised the same invalidity challenges. IPR2018-00752, Paper 8. The Board denied

institution, relying in part on § 314(a). Specifically, under § 314(a) the Board considered the fact that the parallel district court proceeding was scheduled to finish before the Board reached a final decision as a factor favoring denial.[1] The Board found that the earlier district court trial date presented efficiency considerations that provided an additional basis, separate from the independent concerns under 35 U.S.C. § 325(d),[2] for denying institution. Thus, *NHK* applies to the situation where the district court has set a trial date to occur earlier than the Board's deadline to issue a final written decision in an instituted proceeding. In a case where, in contrast to the facts present in *NHK*, the district court has set a trial date *after* the Board's deadline to issue a final written decision in an instituted proceeding, the Board may be less likely to deny institution under 35 U.S.C. § 314(a) based on district court trial timing depending on other factors as set forth below.[3]

---

[1] *See* 35 U.S.C. § 316(a)(11) (2018) (requiring issuance of a final written decision within one year of institution, absent extension up to six months for good cause).

[2] Section 325(d) provides that the Director may elect not to institute a proceeding if the challenge to the patent is based on the same or substantially the same prior art or arguments previously presented to the Office.

[3] *See Polycom, Inc. v. directPacket Research, Inc.*, IPR2019-01233, Paper 21 at 13 (PTAB Jan. 13, 2020) (declining to apply discretion to deny institution when district court trial is scheduled to occur months after the statutory deadline for completion of the IPR); *Iconex, LLC v. MAXStick Products Ltd.*, IPR2019-01119, Paper 9 at 10 (PTAB Dec. 6, 2019) (same).

### *A. The Parties' Arguments*

In the Petition, Petitioner argues that although a parallel district court proceeding is ongoing involving the challenged patent, the Board should not exercise authority to deny institution under *NHK* because, at the time of the Petition filing, "no preliminary injunction motion has been filed, the district court has not been presented with or invested any time in the analysis of prior art invalidity issues, and no trial date has been set." Pet. 7. Petitioner also argues that it timely filed its petition within the statutorily prescribed one-year window, and that declining to institute IPR here would "essentially render nugatory" the one-year filing period of § 315(b). *Id.* Petitioner also argues that declining to institute an IPR based on a parallel district court litigation "ignores the common scenario, contemplated by Congress, of obtaining a district court stay based on institution." *Id.*

In its Preliminary Response, Patent Owner has raised several factors that it contends weigh in favor of exercising authority to deny institution under *NHK*, including an earlier trial date (six months prior to the projected deadline for a final written decision if the Board institutes a proceeding),[4] significant overlap between issues raised in the Petition and in the district court proceeding (identical claims and arguments), and investment in the district court trial (claim construction already issued). *See* Prelim. Resp. 23–27.

---

[4] After the filing of the Petition, the district court entered a scheduling order setting a trial date to occur prior to projected deadline for a final written decision in this matter. Ex. 2009 (setting trial date of November 16, 2020).

### *B. Factors Related to a Parallel, Co-Pending Proceeding in Determining Whether to Exercise Discretionary Institution or Denial*

As with other non-dispositive factors considered for institution under 35 U.S.C. § 314(a), an early trial date should be weighed as part of a "balanced assessment of all relevant circumstances of the case, including the merits."[5] Consolidated Trial Practice Guide November 2019 ("TPG")[6] at 58. Indeed, the Board's cases addressing earlier trial dates as a basis for denial under *NHK* have sought to balance considerations such as system efficiency, fairness, and patent quality.[7] When the patent owner raises an argument for discretionary denial under *NHK* due to an earlier trial date,[8] the Board's decisions have balanced the following factors:

---

[5] *See Abbott Vascular, Inc. v. FlexStent, LLC*, IPR2019-00882, Paper 11 at 31 (PTAB Oct. 7, 2019) (declining to adopt a bright-line rule that an early trial date alone requires denial in every case).

[6] *Available at* https://www.uspto.gov/TrialPracticeGuideConsolidated.

[7] *See Magellan Midstream Partners L.P. v. Sunoco Partners Marketing & Terminals L.P.*, IPR2019-01445, Paper 12 at 10 (PTAB Jan. 22, 2020) (citing "unnecessary and counterproductive litigation costs" where district court would most likely have issued a decision before the Board issues a final decision); *Intel Corp. v. VLSI Tech. LLC*, IPR2019-01192, Paper 15 at 11 (PTAB Jan. 9, 2020) ("When considering the impact of parallel litigation in a decision to institute, the Board seeks, among other things, to minimize the duplication of work by two tribunals to resolve the same issue."); *Illumina, Inc. v. Natera, Inc.*, IPR2019-01201, Paper 19 at 6 (PTAB Dec. 18, 2019) ("We have considered the positions of the parties and find that, on this record, considerations of efficiency, fairness, and the merits of the grounds in the Petition do not weigh in favor of denying the Petition.").

[8] To the extent we refer to such a denial of institution as a "denial under *NHK*," we refer to *NHK*'s § 314(a) denial due to the earlier trial date in the district court and not the independent basis for denial under § 325(d).

1. whether the court granted a stay or evidence exists that one may be granted if a proceeding is instituted;
2. proximity of the court's trial date to the Board's projected statutory deadline for a final written decision;
3. investment in the parallel proceeding by the court and the parties;
4. overlap between issues raised in the petition and in the parallel proceeding;
5. whether the petitioner and the defendant in the parallel proceeding are the same party; and
6. other circumstances that impact the Board's exercise of discretion, including the merits.

These factors relate to whether efficiency, fairness, and the merits support the exercise of authority to deny institution in view of an earlier trial date in the parallel proceeding. As explained below, there is some overlap among these factors. Some facts may be relevant to more than one factor. Therefore, in evaluating the factors, the Board takes a holistic view of whether efficiency and integrity of the system are best served by denying or instituting review. *See* TPG at 58 (quoting 35 U.S.C. § 316(b)).

*1. whether a stay exists or is likely to be granted if a proceeding is instituted*

A district court stay of the litigation pending resolution of the PTAB trial allays concerns about inefficiency and duplication of efforts. This fact has strongly weighed against exercising the authority to deny institution under *NHK*.[9] In some cases, there is no stay, but the district court has denied

[9] *See Precision Planting, LLC v. Deere & Co.*, IPR2019-01052, Paper 19 at 10 (PTAB Jan. 7, 2020) (finding that the district court stay of the parallel district court case rendered moot the patent owner's argument for discretionary denial of the petition); *Apotex Inc. v. UCB Biopharma Sprl*,

a motion for stay without prejudice and indicated to the parties that it will consider a renewed motion or reconsider a motion to stay if a PTAB trial is instituted. Such guidance from the district court, if made of record, suggests the district court may be willing to avoid duplicative efforts and await the PTAB's final resolution of the patentability issues raised in the petition before proceeding with the parallel litigation. This fact has usually weighed against exercising authority to deny institution under *NHK*,[10] but, for reasons discussed below, proximity of the court's trial date and investment of time are relevant to how much weight to give to the court's willingness to reconsider a stay.[11, 12] If a court has denied a defendant's motion for a stay

---

IPR2019-00400, Paper 17 at 31–32 (PTAB July 15, 2019) (finding that the district court stay of the parallel district court case predicated on the *inter partes* review means that the trial will not occur before the Board renders a final decision).

[10] *See Abbott Vascular*, IPR2019-00882, Paper 11 at 30–31 (noting district court's willingness to revisit request for stay if Board institutes an *inter partes* review proceeding).

[11] *See DMF, Inc. v. AMP Plus, Inc.*, Case No. 2-18-cv-07090 (C.D. Cal. July 12, 2019) (denying defendants' initial motion to stay without prejudice to their renewing the motion should PTAB grant their IPR petition); *id.* (Dec. 13, 2019) (denying renewed motion to stay after PTAB instituted, in part, because in the interim claim construction order had issued, trial date was fast approaching, and discovery was in an advanced stage).

[12] It is worth noting that the district court, in considering a motion for stay, may consider similar factors related to the amount of time already invested by the district court and proximity of the trial date to the Board's deadline for a final written decision. *See Space Data Corp. v. Alphabet Inc.*, Case No. 16-cv-03260, slip op. at 3 (N.D. Cal. Mar. 12, 2019) (denying motion to stay where the court had ruled on a motion for partial summary judgment and issued a *Markman* order, and fact and expert discovery are closed, and thus "much work has been completed"); *Intellectual Ventures I LLC v. T-*

pending resolution of a PTAB proceeding, and has not indicated to the parties that it will consider a renewed motion or reconsider a motion to stay if a PTAB trial is instituted, this fact has sometimes weighed in favor of exercising authority to deny institution under *NHK*.

One particular situation in which stays arise frequently is during a parallel district court *and* ITC investigation involving the challenged patent. In such cases, the district court litigation is often stayed under 28 U.S.C. § 1659 pending the resolution of the ITC investigation. Regardless, even though the Office and the district court would not be bound by the ITC's decision, an earlier ITC trial date may favor exercising authority to deny institution under *NHK* if the ITC is going to decide the same or substantially similar issues to those presented in the petition. The parties should indicate whether there is a parallel district court case that is ongoing or stayed under 28 U.S.C. § 1659 pending the resolution of the ITC investigation. We

---

*Mobile USA, Inc.*, Case No. 2-17-cv-00577 (E. D. Tex. Dec. 13, 2018) (denying motion to stay after dispositive and *Daubert* motions had been filed and the court had expended material judicial resources to prepare for the pretrial in three weeks); *Plastic Omnium Advanced Innovation and Research v. Donghee Am., Inc.*, Case No. 1-16-cv-00187 (D. Del. Mar. 9, 2018) (denying motion for stay after PTAB's institution of *inter partes* reviews because the court "has construed the parties' disputed claim terms, handled additional discovery-related disputes, begun reviewing the parties' summary judgment and *Daubert* motions . . . and generally proceeded toward trial" and "[d]elaying the progress of this litigation . . . would risk wasting the Court's resources"); *Dentsply Int'l, Inc. v. US Endodontics, LLC*, Case No. 2-14-cv-00196, slip op. at 5 (E.D. Tenn. Dec. 1, 2015) (denying motion for stay pending *inter partes* review because a stay at this point in the proceedings "would waste a significant amount of the time and resources already committed to this case by the parties and the Court").

recognize that ITC final invalidity determinations do not have preclusive effect,[13] but, as a practical matter, it is difficult to maintain a district court proceeding on patent claims determined to be invalid at the ITC. Accordingly, the parties should also indicate whether the patentability disputes before the ITC will resolve all or substantially all of the patentability disputes between the parties, regardless of the stay.[14]

*2. proximity of the court's trial date to the Board's projected statutory deadline*

If the court's trial date is earlier than the projected statutory deadline, the Board generally has weighed this fact in favor of exercising authority to deny institution under *NHK*. If the court's trial date is at or around the same time as the projected statutory deadline or even significantly after the projected statutory deadline, the decision whether to institute will likely implicate other factors discussed herein, such as the resources that have been invested in the parallel proceeding.[15]

*3. investment in the parallel proceeding by the court and parties*

The Board also has considered the amount and type of work already completed in the parallel litigation by the court and the parties at the time of the institution decision. Specifically, if, at the time of the institution decision, the district court has issued substantive orders related to the patent

---

[13] *See Texas Instruments v. Cypress Semiconductor Corp.*, 90 F.3d 1558 (Fed. Cir. 1996) (holding that an invalidity determination in an ITC section 337 action does not have preclusive effect).

[14] *See infra* § II.A.4.

[15] *See, e.g.*, *infra* § II.A.3, § II.A.4.

at issue in the petition, this fact favors denial.[16] Likewise, district court claim construction orders may indicate that the court and parties have invested sufficient time in the parallel proceeding to favor denial.[17] If, at the time of the institution decision, the district court has not issued orders related to the patent at issue in the petition, this fact weighs against exercising discretion to deny institution under *NHK*.[18] This investment factor is related to the trial date factor, in that more work completed by the parties and court in the parallel proceeding tends to support the arguments that the parallel proceeding is more advanced, a stay may be less likely, and instituting would lead to duplicative costs.

---

[16] *See E-One, Inc. v. Oshkosh Corp.*, IPR2019-00162, Paper 16 at 8, 13, 20 (PTAB June 5, 2019) (district court issued preliminary injunction order after finding petitioner's invalidity contentions unlikely to succeed on the merits).

[17] *See Next Caller, Inc. v. TRUSTID, Inc.*, IPR2019-00963, Paper 8 at 13 (PTAB Oct. 28, 2019) (district court issued claim construction order); *Thermo Fisher Scientific, Inc. v. Regents of the Univ. of Cal.*, IPR2018-01370, Paper 11 at 26 (PTAB Feb. 7, 2019) (district court issued claim construction order). We note that the weight to give claim construction orders may vary depending upon a particular district court's practices. For example, some district courts may postpone significant discovery until after it issues a claim construction order, while others may not.

[18] *See Facebook, Inc. v. Search and Social Media Partners, LLC*, IPR2018-01620, Paper 8 at 24 (PTAB Mar. 1, 2019) (district court proceeding in its early stages, with no claim constructions having been determined); *Amazon.com, Inc. v. CustomPlay, LLC*, IPR2018-01496, Paper 12 at 8–9 (PTAB Mar. 7, 2019) (district court proceeding in its early stages, with no claim construction hearing held and district court having granted extensions of various deadlines in the schedule).

As a matter of petition timing, notwithstanding that a defendant has one year to file a petition,[19] it may impose unfair costs to a patent owner if the petitioner, faced with the prospect of a looming trial date, waits until the district court trial has progressed significantly before filing a petition at the Office. The Board recognizes, however, that it is often reasonable for a petitioner to wait to file its petition until it learns which claims are being asserted against it in the parallel proceeding.[20] Thus, the parties should explain facts relevant to timing. If the evidence shows that the petitioner filed the petition expeditiously, such as promptly after becoming aware of the claims being asserted, this fact has weighed against exercising the authority to deny institution under *NHK*.[21] If, however, the evidence shows

[19] *See* 35 U.S.C. § 315(b) (2018) (setting a one-year window from the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent in which to file a petition).

[20] *See* 157 Cong. Rec. S5429 (Sept. 8, 2011) (S. Kyl) (explaining that in light of the House bill's enhanced estoppels, it is important to extend the deadline for allowing an accused infringer to seek *inter partes* review from 6 months, as proposed in the Senate bill, to one year to afford defendants a reasonable opportunity to identify and understand the patent claims that are relevant to the litigation). Our discussion of this factor focuses on the situation where the petitioner also is a defendant in the parallel litigation. If the parallel litigation involves a party different than the petitioner, this fact weighs against exercising authority to deny institution under *NHK*. *See infra* § II.A.5.

[21] *See Intel Corp.*, IPR2019-01192, Paper 15 at 12–13 (finding petitioner was diligent in filing the petition within two months of patent owner narrowing the asserted claims in the district court proceeding); *Illumina*, IPR2019-01201, Paper 19 at 8 (finding petitioner was diligent in filing the

that the petitioner did not file the petition expeditiously, such as at or around the same time that the patent owner responds to the petitioner's invalidity contentions, or even if the petitioner cannot explain the delay in filing its petition, these facts have favored denial.[22]

*4. overlap between issues raised in the petition and in the parallel proceeding*

In *NHK*, the Board was presented with substantially identical prior art arguments that were at issue in the district court (as well as those previously addressed by the Office under § 325(d)). IPR2018-00752, Paper 8 at 20. Thus, concerns of inefficiency and the possibility of conflicting decisions were particularly strong. Accordingly, if the petition includes the same or substantially the same claims, grounds, arguments, and evidence as presented in the parallel proceeding, this fact has favored denial.[23] Conversely, if the petition includes materially different grounds, arguments,

---

petition several months before the statutory deadline and in response to the patent being added to the litigation in an amended complaint).

[22] *See Next Caller, Inc. v. TRUSTID, Inc.*, IPR2019-00961, Paper 10 at 16 (PTAB Oct. 16, 2019) (weighing the petitioner's unexplained delay in filing the petition in favor of denial of the petition and noting that had the petitioner filed the petition around the same time as the service of its initial invalidity contentions, the PTAB proceeding may have resolved the issues prior to the district court).

[23] *See Next Caller*, IPR2019-00963, Paper 8 at 11–12 (same grounds asserted in both cases); *ZTE (USA) Inc. v. Fractus, S.A.*, IPR2018-01451, Paper 12 at 20 (PTAB Feb. 19, 2019) (same prior art and identical evidence and arguments in both cases).

and/or evidence than those presented in the district court, this fact has tended to weigh against exercising discretion to deny institution under *NHK*.[24]

In many cases, weighing the degree of overlap is highly fact dependent. For example, if a petition involves the same prior art challenges but challenges claims in addition to those that are challenged in the district court, it may still be inefficient to proceed because the district court may resolve validity of enough overlapping claims to resolve key issues in the petition. The parties should indicate whether all or some of the claims challenged in the petition are also at issue in district court. The existence of non-overlapping claim challenges will weigh for or against exercising discretion to deny institution under *NHK* depending on the similarity of the claims challenged in the petition to those at issue in the district court.[25]

*5. whether the petitioner and the defendant in the parallel proceeding are the same party*

If a petitioner is unrelated to a defendant in an earlier court proceeding, the Board has weighed this fact against exercising discretion to

---

[24] *See Facebook, Inc. v. BlackBerry Limited*, IPR2019-00899, Paper 15 at 12 (PTAB Oct. 8, 2019) (different prior art relied on in the petition than in the district court); *Chegg, Inc. v. NetSoc, LLC*, IPR2019-01165, Paper 14 at 11–12 (PTAB Dec. 5, 2019) (different statutory grounds of unpatentability relied on in the petition and in the district court).

[25] *See Next Caller*, IPR2019-00961, Paper 10 at 14 (denying institution even though two petitions jointly involve all claims of patent and district court involves only a subset of claims because the claims all are directed to the same subject matter and petitioner does not argue that the non-overlapping claims differ significantly in some way or argue that it would be harmed if institution of the non-overlapping claims is denied).

deny institution under *NHK*.[26] Even when a petitioner is unrelated to a defendant, however, if the issues are the same as, or substantially similar to, those already or about to be litigated, or other circumstances weigh against redoing the work of another tribunal, the Board may, nonetheless, exercise the authority to deny institution.[27] An unrelated petitioner should, therefore, address any other district court or Federal Circuit proceedings involving the challenged patent to discuss why addressing the same or substantially the same issues would not be duplicative of the prior case even if the petition is brought by a different party.

*6. other circumstances that impact the Board's exercise of discretion, including the merits*

As noted above, the factors considered in the exercise of discretion are part of a balanced assessment of all the relevant circumstances in the case, including the merits.[28] For example, if the merits of a ground raised in the petition seem particularly strong on the preliminary record, this fact has

---

[26] *See Nalox-1 Pharms., LLC. v. Opiant Pharms., Inc.*, IPR2019-00685, Paper 11 at 6 (PTAB Aug. 27, 2019) (distinguishing *NHK* because in *NHK*, "the Board considered 'the status of the district court proceeding *between* the parties'" and, in the *Nalox-1* case, the petitioner was not a party to the parallel district court litigations).

[27] *See Stryker Corp. v. KFx Medical, LLC*, IPR2019-00817, Paper 10 at 27–28 (PTAB Sept. 16, 2019) (considering a jury verdict of no invalidity, based in part on evidence of secondary considerations, weighed in favor of denying institution where the unrelated petitioner failed to address this evidence in the petition).

[28] TPG at 58.

favored institution.[29] In such cases, the institution of a trial may serve the interest of overall system efficiency and integrity because it allows the proceeding to continue in the event that the parallel proceeding settles or fails to resolve the patentability question presented in the PTAB proceeding.[30] By contrast, if the merits of the grounds raised in the petition are a closer call, then that fact has favored denying institution when other factors favoring denial are present.[31] This is not to suggest that a full merits analysis is necessary to evaluate this factor.[32] Rather, there may be strengths

---

[29] *Illumina*, IPR2019-01201, Paper 19 at 8 (PTAB Dec. 18, 2019) (instituting when "the strength of the merits outweigh relatively weaker countervailing considerations of efficiency"); *Facebook, Inc. v. BlackBerry Ltd.*, IPR2019-00925, Paper 15 at 27 (PTAB Oct. 16, 2019) (same); *Abbott Vascular*, IPR2019-00882, Paper 11 at 29–30 (same); *Comcast Cable Commnc'ns., LLC v. Rovi Guides, Inc.*, IPR2019-00231, Paper 14 at 11 (PTAB May 20, 2019) (instituting because the proposed grounds are "sufficiently strong to weigh in favor of not denying institution based on § 314(a)").

[30] Were a final judgment entered on the patentability issues in the parallel proceeding, the parties may jointly request to terminate the PTAB proceeding in light of the fully resolved parallel proceeding. *See* 37 C.F.R. § 42.72.

[31] *E-One*, IPR2019-00162, Paper 16 at 8, 13, 20 (denying institution based on earlier district court trial date, weakness on the merits, and the district court's substantial investment of resources considering the invalidity of the challenged patent).

[32] Of course, if a petitioner fails to present a reasonable likelihood of prevailing as to unpatentability of at least one challenged claim, then the Board may deny the petition on the merits and may choose not to reach a patent owner's discretionary denial arguments.

or weaknesses regarding the merits that the Board considers as part of its balanced assessment.[33]

### *C. Other Considerations*

Other facts and circumstances may also impact the Board's discretion to deny institution. For example, factors unrelated to parallel proceedings that bear on discretion to deny institution include the filing of serial petitions,[34] parallel petitions challenging the same patent,[35] and considerations implicated by 35 U.S.C. § 325(d).[36] The parties should explain whether these or other facts and circumstances exist in their proceeding and the impact of those facts and circumstances on efficiency and integrity of the patent system.

## III. ORDER

The panel requests that the parties submit supplemental briefing, as set forth below, to present on the record facts in this case relevant to the factors discussed above. The supplemental briefing may be accompanied by

---

[33] *See id.* at 13–20 (finding weaknesses in aspects of petitioner's challenges).

[34] *See Valve Corp. v. Elec. Scripting Prods., Inc.*, IPR2019-00064, Paper 10 (PTAB May 1, 2019) (precedential); *Valve Corp. v. Elec. Scripting Prods., Inc.*, IPR2018-00752, Paper 8 (PTAB Sept. 12, 2018); *Gen. Plastic Indus. Co. v. Canon Kabushiki Kaisha*, IPR2016-01357, Paper 19 (PTAB Sept. 6, 2017) (precedential as to § II.B.4.i).

[35] TPG at 59–61.

[36] *See Advanced Bionics, LLC v. MED-EL Elektromedizinische Geräte GmbH*, IPR2019-01469, Paper 6 (PTAB Feb. 13, 2020) (discussing two-part framework for applying discretion to deny institution under 35 U.S.C. § 325(d)).

documentary evidence in support of any facts asserted in the supplemental briefing, but may not be accompanied by declaratory evidence.

Accordingly, it is

ORDERED that Petitioner is authorized to file a reply to the Preliminary Response, no more than ten (10) pages and limited to addressing the issue of discretionary denial under 35 U.S.C. § 314(a), by March 27, 2020; and it is

FURTHER ORDERED that Patent Owner is authorized to file a sur-reply to Petitioner's reply, no more than ten (10) pages and limited to the issue of discretionary denial under 35 U.S.C. § 314(a), by April 3, 2020.

For PETITIONER:

Travis Jensen
K. Patrick Herman
ORRICK, HERRINGTON & SUTCLIFFE LLP
T61PTABDocket@orrick.com
P52PTABDocket@orrick.com
Apple-Fintiv_OHS@orrick.com

For PATENT OWNER:

Jonathan K. Waldrop
Rodney R. Miller
John W. Downing
KASOWITZ BENSON TORRES LLP
jwaldrop@kasowitz.com
rmiller@kasowitz.com
jdowning@kasowitz.com